**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | )  | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 5703 9TH, LLC, | ) | Case No. 23-00131-ELG |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEBTOR'S MOTION FOR ORDER EXTENDING EXCLUSIVE PERIODS TO FILE
PLAN OF REORGANIZATION AND OBTAIN ACCEPTANCES THERETO**

5703 9th, LLC, the debtor and debtor-in-possession herein (the "Debtor"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), files this *Motion for Order Extending Exclusive Periods to File a Plan of Reorganization and Obtain Acceptances Thereto* (the "Motion") and, in support thereof, respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 298 U.S.C. §157(b). To the extent that it may be determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution, the Debtor confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion.

2. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein is Section 1121(d) of the Bankruptcy Code.

Brent C. Strickland (Bar No. 452880)
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

**FACTUAL BACKGROUND**

4. On May 16, 2023, the Debtor filed a voluntary petition for relief herein, commencing this Chapter 11 case.

5. The Debtor is a limited liability company formed under the laws of the District of Columbia on October 27, 2021. The original members of the Debtor were siblings Natalie Denise Bell, Reginald Sanford Bell, and Nicola Regina Bell (collectively, the "Bell Family").

6. The Bell Family inherited the single-family residential property located at 5703 9th Street, NW, Washington D.C (the "Property") when their parents passed away.

7. The Bell Family determined that the value of the Property could be maximized if the Property could be remodeled into a two-unit residential condominium property (the "Project").

8. In order to proceed with the renovation, the Bell Family entered into a Developer Services Agreement with 5703 9th Manager, LLC (the "Developer"), whereby Developer would assume all of the administrative and management tasks necessary for the completion of the Project.

9. In order to finance the project, the Debtor entered into a loan transaction with WCP Fund I, LLC as servicer for U.S. Bank National Association ("WCP").

10. After the loan closing, the Developer proceeded with the demolition phase of the Project and undertook to obtain all necessary permits from the District of Columbia. The permits were required for the construction phase of the Project after the demolition phase was completed.

11. The permitting process in the District of Columbia was extremely slow, rendering it impossible for the Developer to complete the Project by the loan maturity date of January 19, 2023. WCP refused to extend the maturity date of the loan, issued a Notice of Default, and scheduled the Property for foreclosure, necessitating the filing of this Chapter 11 case.

12. The Debtor has objected to the proof of claim filed by WCP and said claim objection will need to be adjudicated by the Court.

## THE EXTENSION REQUEST

13. Pursuant to Section 1121(b) of the Bankruptcy Code, the Debtor's exclusive period to file a plan of reorganization will expire on September 12, 2023 (the "Exclusive Filing Period"). The Debtor's exclusive right to solicit and obtain acceptances to the plan will expire on November 13, 2023 (the "Acceptance Period"; together with the Exclusive Filing Period, the "Exclusive Periods").

14. By this Motion, the Debtor seeks the entry of an Order extending the Exclusive Filing Period and the Acceptance Period by approximately ninety (90) days, to December 15, 2023, and February 15, 2024, respectively.

15. Section 1121(d) of the Bankruptcy Code authorizes the Court, for cause shown, to extend the Debtor's exclusive periods to file a plan and solicit acceptances thereto.

16. Although "cause" is not defined by the Bankruptcy Code, it is well settled that the decision to extend a debtor's exclusive periods is committed to the sound discretion of the bankruptcy court, based upon the facts and circumstances of each case. *See In re AMKO Plastics, Inc.,* 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

17. To determine whether cause exists for an extension of exclusivity, courts have relied on a variety of factors, including (a) the size and complexity of the case, (b) the necessity of sufficient time to negotiate and prepare adequate information, (c) the existence of good faith process toward reorganization, (d) whether the debtor is paying debts as they become due, (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan, (f) whether the debtor has made progress in negotiating with creditors, (g) the length of time the case has been

pending, (h) whether the debtor is seeking the extension to pressure creditors, and (i) whether unresolved contingencies exist. *See In re Dow Corning Corp.*, 208 B.R. 661 (Bankr. E.D, Mich. 1997); *In re Express One Int'l Inc.*, 194 B.R. 98 (Bankr. E.D. Tex. 1996).

18. Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods. *See, e.g.*, *Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.)*, 292 B.R. 639, 644 (B.A.P. 8th Cir. 2003) ("As always, we emphasize that these are only factors, not all of which are relevant in every case. . . It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each"). Courts routinely grant a debtor's first request for an extension of the debtor's exclusivity periods. *See In re Mirant Corp.*, 2004 WL 2250986, at *2 (N.D. Texas 2004) ("The debtor's burden gets heavier with each extension it seeks as well as the longer the period of exclusivity lasts"); *see also In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120-day period in which debtors have an exclusive right to file a plan of reorganization . . . the bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied"). Here, the relevant factors strongly favor an extension of the Debtor's Exclusive Periods.

19. Admittedly, this is not a large or overly complicated case. However, the Debtor has moved expeditiously to try and negotiate a settlement of the WCP claim, which is an essential contingency standing in the way of a reorganization.

20. When negotiations failed, the Debtor objected to WCP's claim. WCP has not yet filed its response to the claim objection.

21. The Debtor intends to pay WCP its allowed claim through a refinance loan. The Debtor is unable to move forward with the refinance until WCP's claim is resolved. The Debtor believes that significant portions of WCP's claim will be disallowed by the Court.

22. The Debtor is paying its debts as they become due and is proceeding in good faith to try and move this case toward a resolution.

23. The Debtor believes that good cause exists to grant the Motion and extend the Debtor's Exclusive Periods to file a proposed plan and solicit acceptances thereto.

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion, and for such other and further relief as the Court deems necessary or appropriate.

Dated: September 11, 2023                  Respectfully submitted,


*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

*Counsel to the Debtor and Debtor- in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2023, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby, and by first class United States Mail, postage prepaid, on all parties listed on the attached service list.

*/s/ Brent C. Strickland*
Brent C. Strickland

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>    5703 9th, LLC,<br><br>        Debtor. | )<br>)<br>) Chapter 11<br>)<br>) Case No. 23-00131-ELG<br>)<br>)<br>)<br>) |

**ORDER EXTENDING EXCLUSIVE PERIODS TO FILE
PLAN OF REORGANIZATION AND OBTAIN ACCEPTANCES THERETO**

Upon the motion (the "Motion") of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order (this "Order") (a) extending the exclusivity period for the Debtor to file a chapter 11 plan and solicit votes thereon and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and

1

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtor's Exclusive Filing Period is extended by 90 days through and including December 15, 2023.

2. The Debtor's Acceptance Period is extended by 90 days through and including February 15, 2024.

3. Entry of this Order is without prejudice to the Debtor's right to seek from this Court such additional and further extensions of the Exclusive Periods within which to file and solicit acceptance of a plan of reorganization as may be necessary or appropriate.

4. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**End of Order**

I ASK FOR THIS:

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickalnd@whitefordlaw.com

*Counsel to the Debtor and Debtor-in-Possession*

cc:  All Parties on Master Service List

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| 5703 9TH, LLC | ) | Case No. 23-00131-ELG |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

**NOTICE OF OPPORTUNITY TO OBJECT TO DEBTOR'S MOTION FOR
ORDER EXTENDING EXCLUSIVE PERIODS TO FILE PLAN OF
REORGANIZATION AND OBTAIN ACCEPTANCES THERETO**

PLEASE TAKE NOTICE THAT on September 11, 2023, the debtor and debtor-in-possession in the above-captioned case (the "Debtor") filed a *Motion for Order Extending Exclusive Periods to File a Plan of Reorganization and Obtain Acceptances Thereto* (the "Motion"). **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

PLEASE TAKE FURTHER NOTICE THAT if you do not want the Court to grant the Motion, or if you want the court to consider your views on the Motion, then:

On or before **September 28, 2023 at 4:00 p.m. prevailing Eastern Time**, you or your attorney must file with the Court a written opposition. The objection must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy of your objection to:

Brent C. Strickland, Esq.
WHITEFORD TAYLOR & PRESTON L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland 20850

-and-

Brent C. Strickland (Bar No. 452880)
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

       The Office of the United States Trustee
       1725 Duke Street, Suite 650
       Alexandria, Virginia 22314

    If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief. The Court may grant the Motion without a hearing if the objection filed states inadequate grounds for denial of the relief sought.

Dated: September 11, 2023                Respectfully submitted,

                                                      */s/ Brent C. Strickland*
                                                      Brent C. Strickland (Bar No. 452880)
                                                      Whiteford, Taylor & Preston L.L.P.
                                                      111 Rockville Pike, Suite 800
                                                      Rockville, Maryland 20850
                                                      Phone: (410) 347-9402
                                                      Facsimile: (410) 223-4302
                                                      Email: bstrickland@whitefordlaw.com

                                                      *Counsel to the Debtor and Debtor-in-Possession*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 11, 2023, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby, and by first class United States Mail, postage prepaid, on all parties listed on the attached service list.

                                                      */s/ Brent C. Strickland*
                                                      Brent C. Strickland