Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-131-ELG |
| | ) | (Chapter 11) |
| 5703 9TH, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**OPPOSITION TO DEBTOR'S MOTION FOR
ORDER EXTENDING EXCLUSIVE PERIODS TO FILE PLAN
OF REORGANIZATION AND OBTAIN ACCEPTANCES THERETO**

Comes now WCP Fund I LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee of Homeward Opportunities Fund Trust 2020-BPL1 ("WCP"), by and through undersigned counsel, and in opposition to the Debtor's Motion for Order Extending Exclusive Periods to File Plan of Reorganization and Obtain Acceptances Thereto (the "Motion," as found at DE #35), filed by 5703 9th LLC (the "Debtor"), states as follows:

**I.      Introduction**

More than four months after this case was filed, it is not clear what – if any – reorganizational aspirations guide the Debtor. The Motion is absolutely correct in noting the Debtor has engaged in negotiations with WCP (the substance of which the Debtor properly excludes from the filing). And the Motion is, too, absolutely correct that the Debtor has objected to WCP's claim (though the Debtor has yet to set that objection for a hearing). But in a case that

1

would qualify as a single asset real estate filing but for the subject asset having fewer than four residential units, it is difficult to understand why the Debtor needs additional time to propose a viable plan of reorganization. And for this reasons, as extrapolated upon *infra*, the Motion merits denial.

**II.     Standard**

The Debtor cites to *In re Dow Corning Corp.*, 208 B.R. 661 (Bankr. E.D. Mich. 1997) as furnishing the factors to be considered in connection with a request to extend the exclusivity period. This is the leading standard, even though one seemingly never formally adopted in the District of Columbia Circuit, and WCP does not take issue with the standard being utilized herein.

Notably, however, "[t]he debtor-in-possession bears the burden of establishing "cause" for an extension of its exclusivity period." *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (citing *In re Washington-St. Tammany Electric Co-op.*, 97 B.R. 852, 854 (E.D. La. 1989)).

**III.    Argument: Exclusivity Should Not be Extended**

The *Dow Corning* factors simply do not militate in favor of extending the exclusivity period *sub judice*. To the contrary, this is a simple case, involving a singular real estate asset, where the Debtor's obligations grow deeper by the day as interest continues to accrue. It is appropriate

for creditors to be able to propose a plan of reorganization at this juncture, and the Debtor is certainly welcome to offer up a competing plan.

Pursuant to the *Dow Corning* Court, the following criteria are to be assessed in connection with a request to extend exclusivity:

> 1. the size and complexity of the case;
> 2. the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
> 3. the existence of good faith progress toward reorganization;
> 4. the fact that the debtor is paying its bills as they become due;
> 5. whether the debtor has demonstrated reasonable prospects for filing a viable plan;
> 6. whether the debtor has made progress in negotiations with its creditors;
> 7. the amount of time which has elapsed in the case;
> 8. whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
> 9. whether an unresolved contingency exists.

*In re Dow Corning Corp.*, 208 B.R. at 664–65.

This is not a large or complex case. The Debtor has one asset and it is a parcel of real estate (alongside improvements thereupon) in a city where single asset bankruptcy cases are rather commonplace. Nothing about the building is unusual, nor is anything about the debt structure odd. And while the Debtor has objected to WCP's claim, such does not prevent the Debtor from moving to refinance its debt, selling the asset (whether to an insider or a third party), or otherwise proposing a plan of reorganization. To the contrary, it is quite common for plans to be proposed while claim objections pend.

As for the second prong, 120 days is time sufficient to negotiate in a case with few creditors. The Debtor and WCP have negotiated through counsel, and while such negotiations are not active as of present, they can always be resumed. If anything, putting a plan on the table might well serve to invite a more sober line of dialogue as the Debtor navigates the necessity of balloting a plan.

Vis a vis "the existence of good faith progress," WCP does not accuse the Debtor of any acts of bad faith, and notes the Debtor has been well represented by esteemed counsel throughout this case. Such does not, however, amount to "progress" and, to the contrary, it is difficult to see what progress has been made since this case was filed.

The fourth consideration is the payment of bills as they come due. It appears the Debtor has *not* yet paid its real estate taxes for the second half of 2023, and the Debtor is equally delinquent on its real estate taxes for the first half of the year and the latter half of 2022. WCP has no reason to doubt that utility bills are being paid, but the non-payment of real estate taxes is a very real issue, especially inasmuch as such serves to erode WCP's lien from above.

As for the fifth factor, the Debtor has not "demonstrated reasonable prospects for filing a viable plan." To the contrary, it is unclear what a plan would provide for, and how the Debtor would navigate the interest that continues to accrue in this case. By way of anecdote only, while the Debtor has objected to WCP's claim, urging a 10% late charge to be overstated, WCP's claim has accrued interest at the rate of $239.40 per day post-petition (without regard to the size of the late charge ultimately allowed). This will be nearly $30,000.00 in post-petition interest by the time a hearing is held on the Motion, with another $21,546.00 accruing during the proposed 90 day extension.

In terms of the last four factors, WCP will acknowledge that the Debtor has "made progress in negotiations with its creditors." There is not presently an agreement, and negotiations have fallen quiet, but real progress was made when negotiations were ongoing. Equally, the minimum amount of time has thus far elapsed in this case, with no prior extensions being requested (though with 120 days nonetheless being the time period well envisioned by Congress). WCP does

*not* believe the extension is sought as a pressure tactic. And there are no unresolved contingencies in this case.

In short, the Debtor simply does not meet its burden; most of these factors either bode against an extension or are immaterial. Meanwhile, exclusivity is already a generous 120 days - especially in a case that closely resembles a single asset real estate proceeding. And the "peril" of not extending the time period – that creditors might propose a plan – is hardly a peril at all; it is appropriate for creditors to have a say in a case as small and manageable as this one.

### IV.   Conclusion

WHEREFORE, WCP respectfully prays the Motion be denied and for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 28, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

**[CERTIFICATE OF SERVICE ON FOLLOWING PAGE]**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of September, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

Brent C. Strickland, Esq.
Whiteford Taylor & Preston
111 Rockville Pike
Suite 800
Rockville, Maryland 20850
bstrickland@wtplaw.com
*Counsel for the Debtor*

        /s/ Maurice B. VerStandig
        Maurice B. VerStandig