**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In re:<br><br>    5703 9TH, LLC,<br><br>        Debtor. | )<br>)  Chapter 11<br>)<br>)  Case No. 23-00131-ELG<br>)<br>)<br>)<br>) |

**FIRST INTERIM APPLICATION OF WHITEFORD, TAYLOR & PRESTON L.L.P.
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Whiteford, Taylor & Preston L.L.P. ("Whiteford"), counsel to 5703 9th, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), files this *First Interim Application of Whiteford, Taylor & Preston L.L.P. for Allowance of Compensation and Reimbursement of Expenses* (the "Application") for the period of May 16, 2023 through September 30, 2023 (the "Application Period"), pursuant to sections 327, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "Local Rules"). Whiteford seeks interim allowance of fees in the amount of $37,105.20 and the reimbursement of expenses in the amount of $399.86.

Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

## Summary of Application

**Total Compensation Requested**:[1]  $37,105.20
**Total Expenses Requested:** $399.86
**Amounts Previously Requested:**  $0.00
**Amounts Previously Awarded:**  $0.00
**Summary by Attorney:**[2]

| Attorney | Rate Charged | Bar Year | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Brent C. Strickland | $641.75 | 1993 | 52.5 | $33,691.98 |
| Stephen B. Gerald | $573.78 | 2000 | 0.6 | $344.27 |
| Kathleen McCruden | 352.75 | n/a | 8.7 | $3,068.95 |
| **Totals:** | | | **61.8** | **$37,105.20** |

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

## The Debtor and the Chapter 11 Case

2. On May 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief herein, commencing this Chapter 11 case.

3. The Debtor is a limited liability company formed under the laws of the District of Columbia on October 27, 2021. The original members of the Debtor were siblings Natalie Denise Bell, Reginald Sanford Bell, and Nicola Regina Bell (collectively, the "Bell Family").

4. The Bell Family inherited the single-family residential property located at 5703 9th Street, NW, Washington D.C (the "Property") when their parents passed away.

---

[1] The total compensation requested is after application of discretionary reductions, which reductions total $12,585.13.
[2] The summary by attorney includes all reductions of the requested fees made in an exercise of billing discretion.

2

5. The Bell Family determined that the value of the Property could be maximized if the Property could be remodeled into a two-unit residential condominium property (the "Project").

6. In order to proceed with the renovation, the Bell Family entered into a Developer Services Agreement with 5703 9th Manager, LLC (the "Developer"), whereby Developer would assume all of the administrative and management tasks necessary for the completion of the Project.

7. In order to finance the project, the Debtor entered into a loan transaction with WCP Fund I, LLC as servicer for U.S. Bank National Association ("WCP").

8. After the loan closing, the Developer proceeded with the demolition phase of the Project and undertook to obtain all necessary permits from the District of Columbia. The permits were required for the construction phase of the Project after the demolition phase was completed.

9. The permitting process in the District of Columbia was extremely slow, rendering it impossible for the Developer to complete the Project by the loan maturity date of January 19, 2023. WCP refused to extend the maturity date of the loan, issued a Notice of Default, and scheduled the Property for foreclosure, necessitating the filing of this Chapter 11 case.

**Employment of Whiteford**

10. On May 23, 2023, the Debtor filed the *Debtor's Application for Authority to Employ Whiteford, Taylor & Preston L.L.P. as Attorneys for the Debtor and Debtor-in-Possession* [Docket No. 11] (the "Whiteford Application").

11. On June 5, 2023, the Court entered an order (the "Whiteford Employment Order") approving the employment of Whiteford as counsel to the Debtor. *See* Docket No. 21.

3

**Post-Petition Retainer**

12.     On the Petition Date, Whiteford held $2,500 in funds representing the unused portion of a retainer paid to Whiteford for pre-petition restructuring advice and the preparation of the Debtor's chapter 11 petition. The Debtor and Whiteford intended this amount to be a post-petition retainer securing services rendered and expenses incurred by Whiteford during this chapter 11 case (the "Retainer"). The Retainer remains in Whiteford's client trust account pending the entry of an order approving this Application.

**Summary of Fee Application**

13.     During the Application Period, Whiteford has tracked and allocated its fees to account for time spent on various matters.

14.     Whiteford's total fees requested in this Application (after reductions taken in the exercise of Whiteford's billing discretion) are $37,105.20. A chart identifying each category of services provided by Whiteford during the Application Period is set forth below:

| Matter Number | Description | Fee Amount |
|---|---|---|
| 1 | General Case Administration | $5,306.58 |
| 2 | Schedules/Operating Reports/341 | $15,660.46 |
| 3 | Lift Stay Motions/Contested Matters | $15,175.53 |
| 4 | Professionals | $962.63 |
| | **Total:** | **$37,105.20** |

**Services Provided During the Application Period**

15.     Whiteford has categorized its time by project billing categories. Those project billing categories applicable to Whiteford's representation of the Debtor are set forth below. Itemized, daily time records for each project billing category are set forth on **Exhibit A** hereto.

### A.  Matter 1 – General Case Administration.

**Amount**: $5,306.58

**Description**: Services in this category during the Application Period include the review and necessary action regarding pleadings filed on the docket, communications with parties in interest in the case, and communications with the Debtor regarding case strategy and administrative matters.

### B.  Matter 2 – Schedules/Operating Reports/341.

**Amount**:  $15,660.46

**Description**:  Services in this category during the Application Period include Whiteford's preparation of the Debtor and attendance at the initial debtor interview with the Office of the United States Trustee and the Section 341 meeting, and to respond to follow-up requests for documents and information. Services in this category during the Application Period also included assisting the Debtor in gathering the necessary information to prepare monthly operating reports, reviewing and filing monthly operating reports, and communicating with the Office of the United States Trustee regarding financial issues. In addition, during the Application Period, Whiteford worked with the Debtor to complete the Debtor's schedules, the statement of financial affairs, and other filing requirements.

### C.  Matter 3 – Lift Stay Motions/Contested Matters.

**Amount**:  $15,175.53

**Description**: Services in this category during the Application Period include filing an objection to the secured claim of WCP. To that end, Whiteford assisted the Debtor in analyzing the legal and factual issues, preparing the objection to WCP's claim, and negotiating with counsel for WCP regarding same.

    **D.**    <u>**Matter 4 – Professionals.**</u>

**Amount:** $962.63

**Description:** Services in this category during the Application Period include preparing, filing, and prosecuting the application to employ Whiteford in the Debtor's bankruptcy case and attending hearings and conferences in connection with the foregoing matters.

16.    Whiteford's total out-of-pocket expenses incurred during the Application Period are $399.86. A detailed list of the expenses incurred and charged as part of this Application is attached hereto as **<u>Exhibit B</u>**.

<u>**Lodestar Analysis**</u>

17.    Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate counsel for all actual, necessary services rendered by such attorneys and paraprofessionals employed by them based on the nature, extent, and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

18.    Courts frequently look to the "lodestar" formula in assessing attorney's fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the attorneys' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

19.    Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The United States Court of Appeals for the District of Columbia Circuit

adopted the Johnson test in *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (D.C. Cir. 1974). In *Copeland v. Marshall*, 641 F.2d 880, 881 (D.C. Cir. 1980), the United States Court of Appeals for the District of Columbia reiterated the "lodestar" approach set forth in *Johnson* when determining the reasonableness of fees, which it has endorsed for use in bankruptcy cases. *In re AOV Industries, Inc.*, 797 F.2d 1004, 1007 (D.C. Cir. 1986); *see also Stewart v. Capital City Mortgage Corp. (In re Stewart)*, 2004 Bankr. LEXIS 2185, *45-6 (Nov. 10, 2004 Bankr. D. D.C.). The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill required to properly perform the legal services;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

20. Whiteford submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

  **a.** **The time and labor required.** As the time records submitted with this Application illustrate, Whiteford has expended notable time assisting the Debtor in addressing relevant issues that have arisen during this chapter 11 case.

  **b.** **Novelty and difficulty of the questions involved and skill applied.** This chapter 11 case involved an analysis of how to achieve a successful reorganization and addressing the amount of WCP's claim. Whiteford performed necessary legal research and advised the Debtor with respect to each of the aforementioned, as well as other matters.

  **c.** **The preclusion of other employment by the firm due to acceptance of this case.** Whiteford has devoted valuable resources to its representation of the Debtor in this chapter 11 case. Whiteford was required to devote time and effort to adequately represent the Debtor. Due to the issues presented by this case, Whiteford was diverted from other matters in which it was, or might have been, involved in order to devote itself to the competent representation of the Debtor in this case.

  **d.** **The customary fee for similar work**. Whiteford submits that the fees sought herein are warranted and are generally less than or equal to competitive fees in the District of Columbia/Northern Virginia legal market for firms with comparable practices given the nature of these proceedings. *See Acadia Invs. v. UBS Real Estate Opportunity Fund, III, LLC (In re Acadia Invs.)*, 2014 Bankr. LEXIS 2883 (Bankr. E.D. Va. July 3, 2014); *In re Nat'l Heritage Found., Inc.*, 2013 Bankr. LEXIS 2516 (Bankr. E.D. Va. June 20, 2013); aff'd, *Behrmann v. Nat'l Heritage Found., Inc. (In re Nat'l Heritage Found., Inc.)*, 510 B.R. 526, 541 (E.D. Va. 2014).

  e. **Whether the fee is fixed or contingent.**  Pursuant to the Bankruptcy Code, all fees sought by Whiteford are subject to final approval of this Court. The fees of Whiteford are based on hourly rates and not contingent on the outcome of any particular event.

  f. **Time limitations imposed by the client or circumstances.**  The exigencies of the case required that Whiteford provide services on behalf of the Debtor on an expedited basis. The case was filed on short notice in order to stop the impending foreclosure from proceeding.

  g. **The amounts involved and the results obtained.**  The fees requested by Whiteford are reasonable given the work required in this case, the issues that have arisen, and the results obtained.

  h. **Experience, reputation and ability of attorneys**.  The principal Whiteford attorneys on this case have previously represented debtors, creditors' committees, secured creditors, and unsecured creditors in all aspects of bankruptcy and commercial litigation proceedings, and have represented debtors and creditors in numerous chapter 11 cases.

  i. **The "undesirability" of the case.**  Although this case should not be considered "undesirable," it has presented challenges for Whiteford.

  j. **The nature and length of the firm's professional relationship with the client.**  Whiteford has only represented the Debtor in connection with the preparation for, filing, and prosecution of this chapter 11 case.

  k. **Awards in similar cases**.  Whiteford submits that its request for compensation is well within the usual and customary awards granted in similar cases.

**Billing Discretion**

21.      In an exercise of billing discretion, Whiteford has not charged for certain internal conferences, duplicative or vague time entries, non-working travel, and other charges that it believes may not be properly compensable by the bankruptcy estate. These discretionary reductions do not appear in the billing records attached as **Exhibit A**.

**Disbursements**

22.      Whiteford had $399.86 in reimbursable expenses during the Application Period. A summary of reimbursable expenses incurred is included as **Exhibit B**. All expenses have been billed at the actual cost to Whiteford. The chart below summarizes the total disbursements by category:

|    | **Disbursement Category** | **Cost** |
|----|---------------------------|----------|
| 1. | Photocopies               | 317.04   |
| 2. | Postage                   | 51.45    |
| 3. | Westlaw                   | 18.67    |
| 4. | Pacer Service             | 12.70    |
|    | **TOTAL**                 | **$399.86** |

23.      Whiteford believes that the services rendered to the Debtor and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable in view of the nature of the Debtor's interests in this case and the matters in which Whiteford was involved.

**Service of Application Upon the Debtor**

24.      A copy of this Application and all attachments were sent to William Lansing, the Debtor's Manager on November 9, 2023. Mr. Lansing has authorized Whiteford to file this Application.

**WHEREFORE**, Whiteford, Taylor & Preston L.L.P. respectfully requests that this Court enter an Order:

(a) allowing on a final basis and awarding fees incurred during the Application Period in the amount of $37,105.20;

(b) allowing on a final basis and awarding expenses incurred during the Application Period in the amount of $399.86;

(c) authorizing the Debtor to pay to Whiteford the amount of $37,505.06, which represents the sum of the foregoing amounts; and

(d) granting such other and further relief which is just and equitable.

Dated: November 16, 2023              Respectfully submitted,

                                                                    **WHITEFORD, TAYLOR & PRESTON L.L.P.**

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

Stephen B. Gerald (Bar No. DE0004)
600 N. King Street, Suite 300
Wilmington, Delaware 19801
Phone: (302) 357-3282
Facsimile: (410) 223-4178
Email: sgerald@whitefordlaw.com

*Counsel to the Debtor and Debtor-in- Possession*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 16, 2023, I caused a copy of the foregoing Application to be served via the Court's Electronic Case Filing System on all parties requesting notice thereby, and by first-class mail on the following parties:

Office of the US Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

5703 9th, LLC
c/o Will Lansing
The Valor Companies, LLC
1101 Connecticut Ave NW, Suite 450
Washington, DC 20036

                                    */s/ Brent C. Strickland*
                                    Brent C. Strickland

**Exhibit A**

**Exhibit B**

2

**Exhibit B**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>5703 9TH, LLC,<br><br>Debtor. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-00131-ELG <br> ) <br> ) <br> ) <br> ) |

**ORDER GRANTING FIRST INTERIM APPLICATION OF
WHITEFORD, TAYLOR & PRESTON L.L.P. FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Upon consideration of the *First Interim Application of Whiteford, Taylor & Preston L.L.P. for Allowance of Compensation and Reimbursement of Expenses* (the "Application") filed by Whiteford Taylor & Preston L.L.P. ("Whiteford"), counsel to 5703 9th, LLC (the "Debtor") in the above-captioned case; and proper notice pursuant to Bankruptcy Rules 2002 and 2016 having been provided; and the Court having reviewed and considered the Application and any objections or responses filed thereto; and this Court having fully considered the record before it; and good and sufficient cause appearing therefore; it is hereby

**ORDERED**, that the Application is GRANTED; and it is further

**ORDERED**, that any objections to the Application are overruled; and it is further

**ORDERED**, that Whiteford's request for payment of fees in the amount of $37,105.20 is hereby approved and allowed on an interim basis; and it is further

1

**ORDERED**, that Whiteford's request for reimbursement for out-of-pocket expenses in the amount of $399.86 Whiteford is hereby approved and allowed on an interim basis; and it is further

**ORDERED**, that the Debtor is authorized to pay Whiteford the amounts allowed above and as set forth in the Application; and it is further

**ORDERED**, that Whiteford is authorized to apply any retainer in Whiteford's possession to the fees and expenses approved and allowed in this Order.

**END OF ORDER**

I ASK FOR THIS:
*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
**WHITEFORD TAYLOR & PRESTON L.L.P.**
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickalnd@whitefordlaw.com

Stephen B. Gerald (Bar No. DE0004)
600 N. King Street, Suite 300
Wilmington, Delaware 19801
Phone: (302) 357-3282
Facsimile: (410) 223-4178
Email: sgerald@whitefordlaw.com

*Counsel to the Debtor and Debtor-in-Possession*


cc:  All Parties on Master Service List

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re: | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-00131-ELG <br> ) |
| 5703 9TH, LLC, | ) |
| Debtor. | ) <br> ) |

**NOTICE OF HEARING AND OPPORTUNITY TO OBJECT TO FIRST APPLICATION OF WHITEFORD, TAYLOR & PRESTON L.L.P. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**PLEASE TAKE NOTICE** that on November 16, 2023, Whiteford, Taylor & Preston L.L.P., counsel to 5703 9th, LLC (the "Debtor"), the above-captioned debtor and debtor-in-possession, filed the *First Interim Application of Whiteford, Taylor & Preston L.L.P. for Allowance of Compensation and Reimbursement of Expenses* (the "Application") seeking the entry of an order allowing fees in the amount of $37,105.20 and the reimbursement of expenses in the amount of $399.86 incurred during the period from May 16, 2023 through September 30, 2023. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief sought in the Application, or if you want the Court to consider your views on the relief sought in the Application, then you or your attorney must file with the Court a written objection to the relief sought in the Application on or before **November 30, 2023**.

All objections and proposed orders must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection. If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy of your objection to undersigned counsel for the Debtor. **IF YOU FAIL TO FILE A TIMELY OBJECTION, THE APPLICATION MAY BE GRANTED BY THE COURT WITHOUT FURTHER NOTICE OR A HEARING.**

Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an order granting relief without further notice. Parties-in-interest with questions may contact the undersigned.

Dated: November 16, 2023                    Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

Stephen B. Gerald (Bar No. DE0004)
600 N. King Street, Suite 300
Wilmington, Delaware 19801
Phone: (302) 357-3282
Facsimile: (410) 223-4178
Email: sgerald@whitefordlaw.com

*Counsel to the Debtor and Debtor-in- Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023, I caused a copy of the foregoing Notice to be served via the Court's Electronic Case Filing System on all parties requesting notice thereby, and by first-class mail on the parties on the attached Service List.

*/s/ Brent C. Strickland*
Brent C. Strickland

2