**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| 5703 9TH, LLC, | ) Case No. 23-00131-ELG |
| Debtor. | ) |

In re:                                                    ) Chapter 11
                                                          )
5703 9TH, LLC,                                           ) Case No. 23-00131-ELG
                                                          )
         Debtor.                                          )

## DEBTOR'S MOTION FOR ORDER TO COMPEL DISCOVERY

5703 9th, LLC, the debtor and debtor-in-possession herein (the "Debtor"), pursuant to Fed. R. Bankr. Pr. 7037(a) and Local Bankruptcy Rule 7026(e), files this *Motion for Order to Compel Discovery* (the "Motion") and, in support thereof, respectfully represents as follows:

### FACTUAL BACKGROUND

1. On May 16, 2023, the Debtor filed a voluntary petition for relief herein, commencing this Chapter 11 case.

2. The Debtor is a limited liability company formed under the laws of the District of Columbia on October 27, 2021. The original members of the Debtor were siblings Natalie Denise Bell, Reginald Sanford Bell, and Nicola Regina Bell (collectively, the "Bell Family").

3. The Bell Family inherited the single-family residential property located at 5703 9th Street, NW, Washington D.C (the "Property") when their parents passed away.

4. The Bell Family determined that the value of the Property could be maximized if the Property could be remodeled into a two-unit residential condominium property (the "Project").

Brent C. Strickland (Bar No. 452880)
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

5. In order to proceed with the renovation, the Bell Family entered into a Developer Services Agreement with 5703 9th Manager, LLC (the "Developer"), whereby Developer would assume all of the administrative and management tasks necessary for the completion of the Project.

6. In order to finance the project, the Debtor entered into a loan transaction with WCP Fund I, LLC as servicer for U.S. Bank National Association ("WCP").

**THE CLAIM OBJECTION AND DISCOVERY**

7. On August 16, 2023, the Debtor filed its Objection to Proof of Claim No. 2 filed by WCP Fund I, LLC (Dkt. 31). WCP filed its response to the claim objection on September 28, 2023 (Dkt. 38).

8. On October 3, 2023, the Court issued a Scheduling Order (Dkt. 43) with respect to the contested matter of the claim objection proceeding. Pursuant to the Scheduling Order, the deadline for the completion of discovery is November 30, 2023, and an evidentiary hearing is set for December 7, 2023.

9. On October 9, 2023, the Debtor served WCP, via its counsel, with Interrogatories and Requests for Production of Documents, copies of which are attached hereto as **Exhibit A**. Responses to these discovery requests were due within 30 days of service, or November 8, 2023.

10. WCP made an initial document production on November 13, 2023 and indicated that a supplemental production would be made with the "complete loan file." See email correspondence attached as **Exhibit B**.

11. A second document production was made on November 17, 2023. The documents produced by WCP do not contain a single piece of correspondence or communication from WCP, either external or internal. Also absent are any documents relating to the servicing agreement between WCP Fund I, LLC and U.S. Bank National Association.

12. By correspondence dated November 20, 2023 (attached as **Exhibit C**), counsel for the Debtor notified counsel for WCP that the document production was incomplete and inadequate. In light of the tight timeframe, Debtor's counsel advised WCP counsel that unless a full and complete production was received by November 27, it would be necessary to file a motion to compel.

13. Exhibit C makes it clear that said correspondence was a good faith effort on the part of Debtor's counsel to resolve the discovery dispute as required by Local Bankruptcy Rule 7026(e)(1). WCP's counsel did not respond to this request and has not responded at all to the request for an explanation as to why the complete loan file and all correspondence was not produced, hindering Debtor's ability to prosecute the claim objection.

WHEREFORE, the Debtor respectfully requests that the Court grant the Motion, order that WCP provide a full and complete production of all documents requested by the Debtor, and for such other and further relief as the Court deems necessary or appropriate.

    Respectfully submitted,

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

*Counsel to the Debtor and Debtor- in-Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2023, I served a copy of the foregoing via CM/ECF upon all parties receiving notice thereby, including counsel for WCP Fund I.

*/s/ Brent C. Strickland*
Brent C. Strickland