# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:

5703 9TH, LLC,

      Debtor.

)
)
) Chapter 11
)
) Case No. 23-00131-ELG
)
)
)
)
)

## DEBTOR'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO WCP FUND I LLC

5703 9th, LLC (the "Debtor"), hereby requests, pursuant to Federal Rules of Civil Procedure 26, 33 and 34, made applicable to this contested matter through Federal Rules of Bankruptcy Procedure 7026, 7033 and 7034, that WCP Fund I LLC, individually and as servicer for U.S. National Bank Association (collectively "WCP"), answer the following First Set of Interrogatories and Requests for Production of Documents (collectively, the "Requests") and provide written answers and produce each of the documents described below to the Representative's counsel.

### INSTRUCTIONS

1. Under the Federal Rules of Civil Procedure, your written responses to these Requests must be served upon the Representative within thirty (30) days of the date of service hereof.

2. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, you are required to answer the following Interrogatories in writing and under oath.

3. In answering these Requests, please furnish all information available to you, including information in the possession of your attorney(s), accountants, investigator(s),

representatives, agents, and all persons acting on your behalf, and not merely such information known through your own personal knowledge.

4.  If you object to any Request as being vague, ambiguous or overbroad, we will make every effort to cure any perceived defects. If you should have any such objections, please contact undersigned counsel prior to the expiration of the response period to discuss the substance of your confusion or objection.

5.  If you cannot answer the Requests in full after exercising due diligence to secure the information, please provide an answer to the extent possible, specifying your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portions and the efforts you have undertaken to secure the information sought.

6.  In responding to the requests for production of documents herein,

    a. You are to produce all Documents, ESI, and Communications (collectively for the purposes of this section, "Documents") in your possession, custody or control. Such information includes, without limitation, any information in the possession of your representatives, fiduciaries, agents, attorneys, or investigators.

    b. You may produce copies of originals in response to these Requests. However, undersigned counsel reserves the right under Rule 34 of the Federal Rules of Civil Procedure to inspect all original copies of the Documents you produce upon providing you with reasonable notice of counsel's intention to do so.

    c. Any Documents that have been revised, altered, or changed in any way (including handwritten notations) from their original condition constitute a separate Document that should also be produced. Any such Documents are to be produced in their original form and should include the revisions, alterations, or changes that were made.

    d. Please produce Documents organized and labeled as to correspond to the specific requests and/or categories in these discovery requests. Please produce ESI in native format or single-page .tiff images with dii load data, including all metadata.

    e. If any Document identified in response to a Request was, but is no longer, in your possession, custody or control, or was known to you but is no longer in existence, state what disposition was made of it or what became of it. No Document requested herein should be destroyed or disposed of or deleted by virtue of a records retention program or for any other reason.

7. If you object to any Request on the grounds of privilege, you are required to prepare a privilege log pursuant to Fed. R. Civ. P. 26(b)(5) to make any claim of privilege or protection and to describe the nature of the information or documents not disclosed or produced (collectively for the remainder of this section, "Information") in a manner that, without revealing Information that is claimed to be privileged or protected, will enable other parties to assess the applicability of the privilege or protection, including but not limited to:

    a. The type of Information withheld;

    b. A general description of the subject of the Information by date, subject matter, number of pages, and identity;

    c. The name, business address and current title of the source of the Information;

    d. The title of the source of the Information at the time it was created;

    e. The name, business address and title of any recipient of the Information and the purposes for which each recipient received the Information;

    f. The name and a description of the location where the Information has been maintained;

    g. The names or description of all persons who created or had access to the Information;

    h. The basis for the claim of privilege; and

    i. If the basis for the claim of privilege is the work product doctrine, identify the proceeding for which the document was prepared or intended.

8. The Requests are not intended to invade the attorney-client privilege or protection offered by the work product doctrine. If you object to any Requests on the grounds of privilege,

please identify the portion of the Request which is objectionable on that basis and respond to any part of the Request and produce all responsive Documents that are not subject to claim of privilege. Likewise, if you object to any Request, or portion thereof, on grounds *other than* privilege, you are nonetheless required to respond to any part of the Request and provide any responsive Documents that are not subject to the objection.

9. In responding to these Requests, please restate in full the discovery request to which each response relates. If requested, a copy of these discovery requests can be provided for your convenience as an MS Word attachment to e-mail.

10. The Requests are continuing in nature. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, you are under a continuing duty to amend its response if or when it learns that the prior response is in some material respect incomplete or incorrect.

## DEFINITIONS

1. "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

2. "Electronically stored information" or "ESI" means any document, communication, image, file, data or other information stored on any computer, internal or external hard drive, diskette, compact disc, server, database, network, tablet, smartphone, thumb drive or any other device or electronic repository capable of storing electronic files or information.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including, without limitation, any oral, typed, or hand-written

communication, any face to face conversation, telephone conversation, videoconference, facsimile, letter, telegram, memoranda, voicemail, voice message, electronic mail, text-message, correspondence, and any other method or means of exchanging information.

4. The terms "person" or "persons" shall include, without limitation, an individual, firm, business, association, corporation, partnership, company, joint venture or other form of entity, and their directors, officers, employees and agents.

5. "And" and "or" shall mean and/or and shall be given the broadest, most inclusive reading the context allows.

6. The terms "relating to" or "related to" mean, without limitation, concerning, referring to, pertaining to, responding to, alluding to, commenting on, connected with, about, evidencing, reflecting, discussing, describing, supporting, contradicting, mentioning, analyzing, regarding, showing or referencing in any way, directly or indirectly, or being logically, legally or factually related.

7. "You," or "your" means WCP and U.S. National Bank Association, and includes any of their respective employees, officers, directors, agents, attorneys, accountants, consultants, representatives, successors, assigns, predecessors, parents, subsidiaries, divisions, departments, affiliates and any persons acting on its behalf or under their control.

8. "Proof of Claim" means the proof of claim filed by WCP in the Debtor's Chapter 11 case.

9. "Objection" means the Debtor's Objection to Proof of Claim No.2 filed by WCP Fund I, LLC (Dkt. 31) filed in the Debtor's Chapter 11 case.

10. "Response" means the Opposition to Debtor's Objection to Proof of Claim No. 2 Filed by WCP Fund I LLC (Dkt. No. 38) filed in the Debtor's Chapter 11 case.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify each person by full name and job title who supplied information for, or otherwise assisted in, the drafting of any responses to these Requests.

**ANSWER:**

**INTERROGATORY NO. 2**: Identify each person by full name and job title whom you may call as a witness at any evidentiary hearing on the Motion.

**ANSWER:**

**INTERROGATORY NO. 3**: Identify by full name and job title every employee, representative or agent of WCP and U.S. National Bank Association who had any involvement in the loan made by WCP to the Debtor.

**ANSWER:**

**INTERROGATORY NO. 4**: Provide a detailed accounting of all amounts of money actually disbursed by WCP to the Debtor or to anyone on the Debtor's behalf.

**ANSWER:**

**INTERROGATORY NO. 5**: Identify the account and account owner holding any undisbursed construction funds relating to the loan made by WCP to the Debtor and whether those funds were segregated from other WCP funds.

**ANSWER:**

**INTERROGATORY NO. 6**: State in detail why WCP refused to give the Debtor an extension of the maturity date of the Loan evidenced by the Proof of Claim.

**ANSWER:**

**INTERROGATORY NO. 6**: State in detail why WCP required James Smith's involvement in Debtor before agreeing to lend funds to the Debtor.

**ANSWER:**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1**: All Documents[1] that you identified, relied upon, reviewed, referenced or otherwise consulted in connection with drafting your answers to the foregoing Interrogatories.

**REQUEST NO. 2**: All Documents that you identified, relied upon, reviewed, referenced or otherwise consulted in connection with drafting the Response.

**REQUEST NO. 3**: All Documents identified, relied upon, reviewed, referenced or otherwise consulted in connection with drafting the Proof of Claim.

**REQUEST NO. 4**: All Documents relating to the loan evidenced by the Proof of Claim.

**REQUEST NO. 5**: A complete copy of your file relating to the loan evidenced by the Proof of Claim.

**REQUEST NO. 6**: All Communications within WCP, between WCP and U.S. Bank National Association, and between WCP or U.S. Bank Association and any other party relating to the loan evidenced by the Proof of Claim.

**REQUEST NO. 7**: All Communications relating to the loan evidenced by the Proof of Claim.

**REQUEST NO. 8**: All Documents that you intend to offer or may offer as an exhibit at any evidentiary hearing on the Motion.

---

[1] "Document" and "Documents" include all ESI and Communications within the scope of each request.

Dated: October 9, 2023

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

*Counsel to the Debtor and Debtor-in- Possession*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>5703 9TH, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 23-00131-ELG |

## NOTICE OF SERVICE OF DEBTOR'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO WCP FUND I LLC

PLEASE TAKE NOTICE that, on October 9, 2023, 5703 9th, LLC, the above-captioned debtor and debtor in possession (the "Debtor") caused the *Debtor's First Set of Interrogatories and Requests for Production of Documents to WCP Fund I LLC* to be served on the parties listed on the attached service list in the manner indicated.

Dated: October 9, 2023

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

*Counsel to the Debtor and Debtor-in- Possession*

First-Class Mail and Electronic Mail

Maurice B. VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Emal: mac@mbvesq.com