Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-131-ELG |
| | ) | (Chapter 11) |
| 5703 9TH, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**OPPOSITION TO DEBTOR'S MOTION TO CONTINUE
EVIDENTIARY HEARING AND TO MODIFY SCHEDULING ORDER**

Comes now WCP Fund I LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee of Homeward Opportunities Fund Trust 2020-BPL1 ("WCP"), by and through undersigned counsel, and in opposition to the Debtor's Motion to Continue Evidentiary Hearing and to Modify Scheduling Order (the "Motion," as found at DE #56), filed by 5703 9th LLC (the "Debtor"), states as follows:

The Debtor has objected to WCP's proof of claim on the alternative theories that (i) a late fee set forth in the loan documents is partially or wholly unenforceable; and (ii) WCP "acted in bad faith by failing to extend the loan maturity…" Objection, DE #31, at pp. 5-6. And it would thusly appear that a review of pertinent loan documents may be insightful, militating in favor of allowing discovery and having an evidentiary hearing on these issues. So, in this spirit, WCP has produced all of the relevant loan documents – in fact, WCP has produced its entire loan file (totaling more than 720 pages). But the Debtor is asking for the forthcoming hearing to be delayed

1

because WCP has not produced internal communications (which are irrelevant and to which WCP has objected) and external communications with the Debtor (which the Debtor presumably has but, in any event, which WCP has produced of even date herewith – adding another 145 pages to the total document production *sub judice*). This request is, at core, a non sequitur.

It is altogether unclear how any communications would be relevant to the case at bar. *See* Fed. R. Evid. 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action").

Here, there is no theoretical communication that could make a fact "of consequence" any "more or less probable than it would be without" the communication. The question of the permissibility of late fees is chiefly legal in nature. *See, e.g.*, *Proulx v. 1400 Pennsylvania Ave., SE, LLC*, 199 A.3d 667, 673 (D.C. 2019) ("'It is well-settled that parties to a contract may agree in advance to a sum certain to be forfeited as liquidated damages for breach of contract.' This is because a liquidated damages clause serves 'to simplify the resolution of a breach of contract dispute' by "giving the parties an opportunity to resolve the damages question without resorting to litigation' and by 'fix[ing] the measure of damages at the outset before a breach even occurs.'") (quoting *Burns v. Hanover Ins. Co.*, 454 A.2d 325, 237 (D.C. 1982); *Vicki Bagley Realty, Inc. v. Laufer*, 482 A.2d 359, 367 (D.C. 1984)).

Similarly, any alleged obligation to extend the maturity date of a commercial loan, made by a corporate entity to another corporate entity, is governed by the loan documents themselves – not extraneous communications. *See, e.g.*, *Carey Canada, Inc. v. Columbia Cas. Co.*, 940 F.2d 1548, 1556 (D.C. Cir. 1991) ("'the 'four corners' rule, which excludes extrinsic evidence if the

2

contract is clear 'on its face'' shows that there ''is ancient wisdom as well as ancient prejudice'") (quoting *FDIC v. W.R. Grace & Co.*, 877 F.2d 614, 620–21 (7th Cir. 1989)).

To be sure, there is no allegation that WCP ever agreed to a loan extension. If such an allegation were made, WCP's e-mails with the Debtor may well be relevant. (Of course, WCP has produced its e-mails with the borrower in any event.) But the Objection is clear that WCP did *not* extend the maturity date – such is very much the root of the Debtor's contention. And the communications are thusly of no moment to that part of the dispute.

As for the late fee, it is sincerely unclear how communications would be of any moment whatsoever to determining the legal permissibility of that charge. The Debtor is not alleging the loan documents to have been signed under duress, to have been modified after-the-fact, or to otherwise be a product of coercion or fraud. And case law is accordingly quite clear that the loan documents speak for themselves and govern resolution of this part of the Objection, without respect to the contents, *vel non*, of any communications.

In short, it appears the Debtor does not wish to timely proceed with a hearing on an Objection that is legally ill-fated. But the Debtor has used the Objection as a cudgel to extend the exclusivity period and stall out this case, as WCP sits unpaid without access to its deployed capital. This is simply not an appropriate use of the bankruptcy process and it is one that ought not be countenanced; the hearing should proceed, as scheduled, on Thursday, December 7, 2023.

WHEREFORE, WCP respectfully prays the Motion be denied and for such other and further relief as may be just and proper.

*[Signature on Following Page]*

Respectfully submitted,

Dated: December 5, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of December, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

Brent C. Strickland, Esq.
Whiteford Taylor & Preston
111 Rockville Pike
Suite 800
Rockville, Maryland 20850
bstrickland@wtplaw.com
*Counsel for the Debtor*

/s/ Maurice B. VerStandig
Maurice B. VerStandig