# EXHIBIT 10

Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 23-131-ELG |
| | ) | (Chapter 11) |
| 5703 9TH, LLC | ) | |
| | ) | |
| Debtor. | ) | |

**RESPONSES TO DEBTOR'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO WCP FUND I LLC**

Comes now WCP Fund I LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee of Homeward Opportunities Fund Trust 2020-BPL1 ("WCP"), pursuant to Federal Rules of Civil Procedure 33 and 34, and in response to the interrogatories (the "Interrogatories," with each such item being an "Interrogatory") and requests for production (the "Requests," with each such item being a "Request") 5703 9th LLC (the "Debtor"), and states as follows:

Debtor Interrogatory 1.    Identify each person by full name and job title who supplied information for, or otherwise assisted in, the drafting of any responses to these Requests.

Answer:    Daniel Huertas, the chief executive of DP Capital LLC, assisted in the preparation of these responses, furnishing responsive information through the process. WCP otherwise relied on its counsel of record and, pursuant to the protections of the attorney/client

1

privilege and the work product doctrine, affirmatively declines to divulge the processes used by – and conversations had with – counsel in said process.

Debtor Interrogatory 2.    Identify each person by full name and job title whom you may call as a witness at any evidentiary hearing on the Motion.

Answer:    WCP does not anticipate calling any witnesses at a hearing on the Motion, except to the extent a records custodian is required to authenticate documents. If a records custodian is required, WCP will rely on the testimony of Jarrid Williams, an asset manager employed by DP Capital LLC.

Debtor Interrogatory 3.    Identify by full name and job title every employee, representative or agent of WCP and U.S. National Bank Association who had any involvement in the loan made by WCP to the Debtor.

Objection: WCP objects to this Interrogatory on the basis that it is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Specifically, delineating all persons who "had any involvement in the loan" would involve not merely identifying the persons who made material decisions and had substantive interactions but, too, those who answered phones, placed items in the mail, notarized loan documents, recorded instruments, processed wires, and so on and so forth. This is unreasonably broad in nature.

Subject to, and without waiving, the foregoing objection, WCP notes that (i) Jared Fausnaught, Vice President of Sales; and (ii) Daniel Huertas made all material decisions concerning the loan's issuance.

Debtor Interrogatory 4.    Provide a detailed accounting of all amounts of money actually disbursed by WCP to the Debtor or to anyone on the Debtor's behalf.

Answer: Pursuant to Federal Rule of Civil Procedure 33(d), WCP will produce a detailed payoff statement showing the breakdown of the obligations to WCP (including the principal of the loan and the undrawn construction funds) as well as a closing statement showing disbursements made at closing.

Debtor Interrogatory 5. Identify the account and account owner holding any undisbursed construction funds relating to the loan made by WCP to the Debtor and whether those funds were segregated from other WCP funds.

Objection: WCP objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence and, equally, seeks information of a sensitive nature, with the benefit of any production being palpably outweighed by the correlative burden. Specifically, WCP does not believe identification of bank accounts in which monies are held by the entity to be relevant to the case at bar and, equally, does not believe the manner in which such accounts are titled – or the identity of their custodians – to be relevant.

Answer: Subject to, and without waiving, the foregoing objection, WCP notes that funds were not held in a segregated bank account but, rather, were held in a general account at all times relevant. WCP further indicates that the balance of said account was always sufficient to cover any construction draw that may have been permitted.

Debtor Interrogatory 6. State in detail why WCP refused to give the Debtor an extension of the maturity date of the Loan evidenced by the Proof of Claim.

Answer: WCP exercised its discretion to not change the terms of a valid, written agreement. While WCP entertains all serious requests for loan modifications, there was no compelling reason for WCP to grant such an extension in favor of the Debtor and, to the contrary,

3

WCP believed its interests were better preserved through honoring the extant agreement's provisions.

Debtor Interrogatory 7.    State in detail why WCP required James Smith's involvement in Debtor before agreeing to lend funds to the Debtor.

Answer:    WCP did not require James Smith to be involved with the Debtor.

Debtor Request 1.    All Documents that you identified, relied upon, reviewed, referenced or otherwise consulted in connection with drafting your answers to the foregoing Interrogatories.

Objection:    WCP objects to this Request to the extent it seeks information protected by the attorney/client privilege. Specifically, all documents "reviewed" or "relied upon" would necessarily include confidential communications with counsel, which are outside the permissible scope of discovery.

Response:    Subject to, and without waiving, the foregoing objection, WCP notes that no non-privileged documents were reviewed or relied upon, except for those being produced.

Debtor Request 2.    All Documents that you identified, relied upon, reviewed, referenced or otherwise consulted in connection with drafting the Response.

Objection:    WCP objects to this Request to the extent it seeks information protected by the attorney/client privilege. Specifically, all documents "reviewed" or "relied upon" would necessarily include confidential communications with counsel, which are outside the permissible scope of discovery.

Response:    Subject to, and without waiving, the foregoing objection, WCP notes that no non-privileged documents were reviewed or relied upon, except for those being produced.

Debtor Request 3.    All Documents identified, relied upon, reviewed, referenced or otherwise consulted in connection with drafting the Proof of Claim.

Objection:    WCP objects to this Request to the extent it seeks information protected by the attorney/client privilege. Specifically, all documents "reviewed" or "relied upon" would necessarily include confidential communications with counsel, which are outside the permissible scope of discovery.

Response:    Subject to, and without waiving, the foregoing objection, WCP notes that no non-privileged documents were reviewed or relied upon, except for those being produced.

Debtor Request 4.    All Documents relating to the loan evidenced by the Proof of Claim.

Objection:    WCP objects to this Request on the basis that it is overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and desirous of the production of privileged information. Specifically, all documents "relating" to the loan would include myriad immaterial and impertinent items, ranging from an invoice for the ink cartridge used to print documents to the paystubs of individuals whose efforts were expended in furtherance of closing the loan.

Equally, communications with counsel – protected by the attorney/client privilege – may fall within the scope of "relating to" the loan, just as may sensitive communications with WCP's members and business partners. The former variety of items are privileged; the latter are innately sensitive in nature and not relevant to the case at bar.

Response:    Subject to, and without waiving, the foregoing objection, WCP is producing its loan file for this transaction.

Debtor Request 5.    A complete copy of your file relating to the loan evidenced by the Proof of Claim.

Objection:    WCP objects to this Request on the basis that it is desirous of the production of privileged information. Specifically, communications with counsel – protected by the attorney/client privilege – may fall within the scope of "relating to" the loan, just as may sensitive communications with WCP's members and business partners. The former variety of items are privileged; the latter are innately sensitive in nature and not relevant to the case at bar.

Response:    Subject to, and without waiving, the foregoing objection, WCP is producing its loan file for this transaction.

Debtor Request 6.    All Communications within WCP, between WCP and U.S. Bank National Association, and between WCP or U.S. Bank Association and any other party relating to the loan evidenced by the Proof of Claim.

Objection:    WCP objects to this Request on the basis that it is desirous of the production of privileged information. Specifically, communications with counsel – protected by the attorney/client privilege – may fall within the scope of "relating to" the loan, just as may sensitive communications with WCP's members and business partners. The former variety of items are privileged; the latter are innately sensitive in nature and not relevant to the case at bar.

Response:    Subject to, and without waiving, the foregoing objection, WCP does not believe it has ever communicated with U.S. Bank National Association regarding the loan at issue in this case.

Debtor Request 7.    All Communications relating to the loan evidenced by the Proof of Claim.

Objection:    WCP objects to this Request on the basis that it is desirous of the production of privileged information. Specifically, communications with counsel – protected by the attorney/client privilege – may fall within the scope of "relating to" the loan, just as may sensitive

communications with WCP's members and business partners. The former variety of items are privileged; the latter are innately sensitive in nature and not relevant to the case at bar.

Response: Subject to, and without waiving, the foregoing objection, WCP is producing its loan file for this transaction.

Debtor Request 8. All Documents that you intend to offer or may offer as an exhibit at any evidentiary hearing on the Motion.

Response: Responsive documents are being produced.

Respectfully submitted,

Dated: November 13, 2023

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for WCP Fund I LLC*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of November, 2023, a copy of the foregoing was served electronically upon:

Brent C. Strickland, Esq.
Whiteford Taylor & Preston
111 Rockville Pike
Suite 800
Rockville, Maryland 20850
bstrickland@wtplaw.com
*Counsel for the Debtor*

/s/ Maurice B. VerStandig
Maurice B. VerStandig