**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| ) | Chapter 11 |
| In re: ) | |
| ) | Case No. 23-00131-ELG |
| 5703 9ᵀᴴ, LLC, ) | |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |

## DEBTOR'S AMENDED PLAN OF REORGANIZATION

5703 9th, LLC (the "Debtor" or "5703 9th"), the debtor and debtor-in-possession herein, by counsel, hereby proposes this Amended Plan of Reorganization pursuant to the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

WHITEFORD, TAYLOR & PRESTON L.L.P.
Brent C. Strickland, Bar No. 452880
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone:  (410) 347-9402
Fax: (410) 223-4302
Email:  bstrickland@whitefordlaw.com

*Counsel for the Debtor*

## <u>TABLE OF CONTENTS</u>

Page

1.     <u>Article I:</u>  Definitions and Terms of Construction.............................. 1

2.     <u>Article II:</u>  Provision for Payment of Administrative Claims, Priority Claims, and Priority Tax Claims............................................................ 10

3.     <u>Article III:</u>  Designation of Classes of Claims and Interests................ 12

4.     <u>Article IV:</u>  Treatment of Claims and Interests under the Plan........... 12

5.     <u>Article V:</u>  Means of Execution of the Plan....................................... 14

6.     <u>Article VI:</u>  Provisions Governing Distributions................................ 17

7.     <u>Article VII:</u>  Procedures for Resolving and Treating Disputed Claims and Interests............................................................................ 20

8.     <u>Article VIII:</u>  Treatment of Executory Contracts and Unexpired Leases................................................................................................ 22

9.     <u>Article IX:</u>  Effectiveness of the Plan................................................. 23

10.    <u>Article X:</u>  Effect of Confirmation………................................................ 24

11.    <u>Article XI:</u>    Retention of Jurisdiction................................................. 26

12.    <u>Article XII:</u>  Acceptance or Rejection of the Plan............................... 28

13.    <u>Article XIII:</u>  Miscellaneous Provisions………………...................... 29

## ARTICLE I
## DEFINITIONS AND TERMS OF CONSTRUCTION

For purposes of this Plan (as hereinafter defined), the following terms shall have the respective meanings set forth below:

**A.    Definitions.**

1.1    "5703 9th Members" shall mean the holders of 5703 9th Membership Interests under the 5703 9th Operating Agreement.

1.2    "5703 9th Membership Interests" shall mean all of the limited liability company membership interests in 5703 9th, LLC.

1.3    "5703 9th Operating Agreement" shall mean the Operating Agreement of 5703 9th, LLC, dated November 22, 2021.

1.4    "Administrative Expense Claim(s)" shall mean any cost or expense of administration of the Chapter 11 Case under § 503(b) of the Bankruptcy Code and entitled to priority in payment under § 507(a)(1) of the Bankruptcy Code, including any actual and necessary expenses of preserving the estate of the Debtor, any actual and necessary expenses of operating the business of the Debtor, any indebtedness or obligations incurred or assumed by the Debtor during the pendency of the Chapter 11 Case in connection with the conduct of the business of, the lease of property by, or the rendition of services to the Debtor, all fees and expenses of Professional Persons, and U.S. Trustee Fees.

1.5    "Allowed" or "Allowed Claim(s)" shall mean: (a) the amount of a Claim or an Administrative Expense Claim that has been allowed in accordance with § 502 of the Bankruptcy

Code by a Final Order or (b) the amount of a Claim or an Administrative Expense Claim, proof of which has been timely filed with the Clerk of the Bankruptcy Court or that is listed in the Schedules as undisputed, noncontingent, and liquidated, and as to which Claim or Administrative Expense Claim (i) no objection to the allowance thereof has been interposed within any period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules, this Plan, or orders of the Bankruptcy Court, or (ii) an objection has been interposed, which objection has been determined by a Final Order, to the extent such objection is determined in favor of the claimant, or (iii) with respect to fees and expenses of Professional Persons, the amount of such fees and expenses allowed by the Bankruptcy Court.

1.6    "Assumed Executory Contracts and Unexpired Leases" shall mean the executory contracts and unexpired leases listed on the Schedule of Assumed Executory Contracts and Unexpired Leases, to be filed later, pursuant to § 365 of the Bankruptcy Code and this Plan.

1.7    "Avoidance Actions" shall mean claims for the avoidance of any transfer by or obligation of the Debtor under chapter 5 of the Bankruptcy Code or the recovery of the value of such transfer.

1.8    "Bankruptcy Case" shall mean the above-captioned chapter 11 case.

1.9    "Bankruptcy Code" shall mean the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

1.10    "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Columbia, or any court or tribunal subsequently constituted to adjudicate matters arising under the Bankruptcy Code or any successor bankruptcy laws promulgated by the Congress of the United States and which assumes jurisdiction over this Chapter 11 Case.

2

1.11    "Bankruptcy Rules" shall mean the Federal Rules of Bankruptcy Procedure and the local rules of the Bankruptcy Court, as amended from time to time, applicable to this case as of the Petition Date.

1.12    "Bar Date" shall mean September 22, 2023, or such other deadline as may be established by the Bankruptcy Court or the Bankruptcy Rules for filing proofs of Claim in this Chapter 11 Case for nongovernmental unit creditors.

1.13    "Business Day" shall mean a day other than a Saturday, a Sunday, or a holiday when the Bankruptcy Court is closed for ordinary business.

1.14    "Case Closing Date" shall mean the date the Bankruptcy Court enters an order closing the Debtor's Chapter 11 Case.

1.15    "Cash" shall mean cash and cash equivalents.

1.16    "Cause of Action" shall mean, without limitation, any and all actions, causes of action, liabilities, obligations, rights, suits, damages, judgments, claims, and demands whatsoever, whether known or unknown, existing or hereafter arising, in law, equity, or otherwise, based in whole or in part upon any act or omission or other event occurring prior to the Petition Date or during the course of the Chapter 11 Case, including through the Effective Date.

1.17    "Chapter 11" shall mean chapter 11 of the Bankruptcy Code.

1.18    "Chapter 11 Case" shall mean the chapter 11 case of the Debtor styled, *In re 5703 9th, LLC,* commenced on May 16, 2023, pending in the Bankruptcy Court under Case No. 23-00131 (ELG).

1.19    "Claim(s)" shall mean: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

3

undisputed, legal, equitable, secured, or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

1.20    "Class" shall mean a Claim or Interest or a group of Claims or Interests consisting of those Claims or Interests which are substantially similar to each other, as classified under this Plan, or a Claim or Interest or a group of Claims or Interests classified by amount as may be reasonable and necessary as administrative convenience claims, or a group of Claims or Interests which are otherwise separately classified in accordance with this Plan and the Bankruptcy Code.

1.21    "Collateral" shall mean any property or interest in property of the Estate subject to a lien, security interest, or other encumbrance to secure the payment or performance of a Claim, which lien, security interest, or other encumbrance is not subject to avoidance under the Bankruptcy Code.

1.22    "Confirmation Date" shall mean the date of entry of the Confirmation Order.

1.23    "Confirmation Hearing" shall mean the hearing to be held by the Bankruptcy Court regarding the confirmation of this Plan, as may be amended, modified, or supplemented, as such hearing may be adjourned or continued from time to time.

1.24    "Confirmation Order" shall mean the order of the Bankruptcy Court confirming this Plan under § 1129 of the Bankruptcy Code.

1.25    "Creditor" shall mean any person who asserts a Claim against the Debtor.

1.26    "Debtor" and "Debtor-in-Possession" shall mean 5703 9th, LLC.

4

1.27    "Disallowed Amount" shall mean, with respect to a particular Disputed Claim, that amount which is equal to the difference, if any, between the Face Amount of such Disputed Claim and the Allowed Amount thereof.

1.28    "Disclosure Statement" means the Disclosure Statement that relates to this Plan and is approved by the Bankruptcy Court pursuant to § 1125 of the Bankruptcy Code, as such Disclosure Statement may be amended, modified, or supplemented (and all exhibits and schedules annexed thereto or referred to therein).

1.29    "Disputed Claim(s)" shall mean any Claim for which an Allowed Claim has not yet been determined and with respect to which (i) an objection has been interposed on or prior to the Effective Date or such other date as may be fixed by the Bankruptcy Court or this Plan and has not been resolved by agreement or Final Order, (ii) the Debtor has scheduled as disputed, contingent, or unliquidated, (iii) the Claim is set forth in an improper proof of Claim or a proof of Claim untimely filed, or (iv) the deadline to object to the Claim has not passed. To the extent an objection relates to the allowance of only a part of a Claim, such claim shall be a Disputed Claim only to the extent of the objection.

1.30    "Distribution" shall mean any distribution made under this Plan to the holders of Allowed Claims or Allowed Interests.

1.31    "Effective Date" shall mean the first Business Day after the earlier of (i) thirty (30) days after the Confirmation Date and on which no stay of the Confirmation Order is in effect and (ii) the day on which all the conditions set forth in Article X to this Plan have been satisfied or waived.

1.32    "Estate" shall mean the chapter 11 bankruptcy estate of the Debtor as defined by § 541 of the Bankruptcy Code.

1.33    "Estate Assets" shall mean all of the Debtor's property, rights, interests, or Causes of Action existing as of the Confirmation Date, including, but not limited to, the Avoidance Actions.

1.34    "Face Amount" shall mean, with respect to a particular Claim, (a) if the holder of such Claim has not filed a proof of Claim with the Bankruptcy Court on or before the Bar Date, the amount of such Claim if it is listed in the Schedules as not disputed, not contingent, or unliquidated or (b) if the holder of such Claim has filed a proof of claim with the Bankruptcy Court prior to the Bar Date, the amount stated in such proof of Claim.

1.35    "Final Order" shall mean an order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the court's docket, (i) the operation or effect of which has not been stayed, reversed, or amended and (ii) as to which order or judgment (or any revision, modification, or amendment thereof) the time to appeal or seek review or rehearing has expired, and as to which no appeal or petition for review or rehearing was filed or, if filed, such order or judgment  has not been stayed pending appeal.

1.36    "General Unsecured Claim(s)" shall mean an unsecured Prepetition Claim against the Debtor that is not entitled to Priority Status.

1.37    "Government Bar Date" shall mean November 13, 2023, or such other deadline as may be established by the Bankruptcy Court or the Bankruptcy Rules for filing proofs of Claim in this Chapter 11 Case for governmental unit creditors.

1.38    "Interest(s)" shall mean the rights of the equity holder as owner and holder of any and all issued and outstanding 5703 9th Membership Interests.

1.39    "Lien" shall mean any lien, security interest, pledge, title retention agreement, encumbrance, charge, mortgage, or hypothecation to secure payment of a debt or performance of

6

an obligation, other than, in the case of securities and any other equity ownership interests, any restrictions imposed by applicable United States or foreign securities laws.

1.40     "Other Secured Claims" means an Allowed Secured Claim against the Debtor other than the Secured Claim of WCP.

1.41     "Petition Date" shall mean May 16, 2023, the date the Debtor commenced its voluntary Chapter 11 Case.

1.42     "Plan" shall mean this Debtor's Plan of Reorganization and any amendments hereto, modifications hereof, or supplements hereto.

1.43     "Plan Documents" shall mean the documents (other than this Plan) and instruments to be issued, executed, delivered, assumed, and/or performed in conjunction with consummation of this Plan as of, or as soon as reasonably practicable after, the Effective Date.

1.44     "Plan Objection Deadline" shall mean the deadline by which parties shall be required to file an objection to this Plan.

1.45     "Prepetition Claim(s)" shall mean any Claim(s) against the Debtor arising or accruing prior to the Petition Date.

1.46     "Priority Claim(s)" shall mean all Claim(s) as defined in § 507 of the Bankruptcy Code, except Claims as defined in §§ 507(a)(1), (a)(2), and (a)(8) of the Bankruptcy Code.

1.47     "Priority Status" shall mean the priority in distribution which is afforded to certain Claims against the Debtor pursuant to § 507(a) of the Bankruptcy Code.

1.48     "Priority Tax Claims" shall mean all Claims entitled to priority treatment pursuant to § 507(a)(8) of the Bankruptcy Code.

1.49     "Professional Persons" shall mean (i) persons retained by order of the Bankruptcy Court pursuant to §§ 327, 328, 330, or 1103 of the Bankruptcy Code and (ii) persons retained by

7

the holder of an Allowed Secured Claim entitled to reasonable fees, costs, and charges provided for under its agreement with the Debtor and pursuant to § 506(b) of the Bankruptcy Code.

1.50    "Property" shall mean the single-family residential property located at 5703 9th Street, NW, Washington, D.C. and all related property interests.

1.51    "Pro Rata" shall mean the proportion that the amount of an Allowed Claim or Interest in a particular Class or Classes bears to the aggregate amount of all Allowed Claims or Interests in such Class or Classes.

1.52    "Reorganized Debtor" shall mean the Debtor as reorganized and reconstituted by this Plan.

1.53    "Rejection Claims" shall mean any Claim arising from the rejection of any executory contract or unexpired lease.

1.54    "Representative(s)" shall mean (i) any and all officers, directors, attorneys, consultants, and advisors of the Debtor, in each case, solely in their respective capacities as such, serving or holding interests immediately prior to the occurrence of the Effective Date.

1.55    "Schedule of Assumed Executory Contracts and Unexpired Leases" shall mean the schedule of executory contracts and unexpired leases to be assumed pursuant to § 365 of the Bankruptcy Code, consistent with the terms and conditions of Article VIII of this Plan. The Schedule of Assumed Executory Contracts and Unexpired Leases will be filed at a later date.

1.56    "Schedules" shall mean the Schedules of Assets and Liabilities, and any amendments thereto, filed by the Debtor with the Bankruptcy Court.

1.57    "Secured Claim" shall mean (a) a Claim that is secured by a lien on property in which the Estate has an interest, which lien is valid, perfected, and enforceable under applicable law or by reason of a Final Order, or that is subject to setoff under § 553 of the Bankruptcy Code

8

to the extent of the value of the Creditor's interest in the Estate's interest in such property or to the extent of the amount subject to setoff, as applicable, as determined pursuant to § 506(a) of the Bankruptcy Code, or (b) a Claim Allowed under this Plan as a Secured Claim.

1.58    "Unsecured Claim" shall mean a Claim against the Debtor other than a Secured Claim, an Administrative Expense Claim, a Priority Claim, or a Priority Tax Claim.

1.59    "U.S. Trustee Fees" shall mean any fees payable by the Debtor pursuant to 28 U.S.C. § 1930.

1.60    "WCP" shall mean WCP Fund I, LLC as servicer for U.S. Bank National Association.

1.61    "WCP Loan Documents" shall mean all loan documents in effect between WCP and the Debtor relating to the Property.

**B.    Terms of Construction.**

1.62    Capitalized Terms:  The capitalized terms of this Plan shall have the meanings set forth in this Plan. In the event a capitalized term of this Plan is not defined in this Plan, then it shall have the meaning given in the Bankruptcy Code or the Bankruptcy Rules. In the event a capitalized term of this Plan is not defined in this Plan, the Bankruptcy Code, or the Bankruptcy Rules, then it shall have the meaning such term has in ordinary usage and if one or more meaning for such term exists in ordinary usage, then it shall have the meaning which is most consistent with the purposes of this Plan and the Bankruptcy Code.

1.63    Reasonable Construction:  The terms of this Plan shall not be construed against any person but shall be given a reasonable construction, consistent with the purposes of this Plan and the Bankruptcy Code.

1.64   <u>Herein, Hereof, Hereto, and Hereunder</u>:  The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Plan as a whole and not to any particular Article or clause contained in this Plan.

1.65   <u>Plural</u>:  Unless otherwise specified, the plural shall include the singular and the singular shall include the plural.

1.66   <u>Gender</u>: Unless otherwise specified, the references to the masculine shall include the feminine and reference to the feminine shall include the masculine.

1.67   <u>Including</u>:  The term "including" shall not be deemed to be exclusive and shall be deemed to mean "including, without limitation."

1.68   <u>Headings</u>.  Headings are for convenience of reference only and shall not limit or otherwise affect the provisions hereof.

## ARTICLE II
## PROVISION FOR PAYMENT OF ADMINISTRATIVE CLAIMS, PRIORITY CLAIMS, AND PRIORITY TAX CLAIMS

2.1   <u>Allowed Administrative Expense Claims</u>:  Except to the extent that a holder of an Allowed Administrative Expense Claim agrees to a different treatment, holders of Allowed Administrative Expense Claims will receive Cash equal to the unpaid portion of such Administrative Expense Claim on the later of (a) the Effective Date, (b) the first Business Day that is ten (10) days following entry of a Final Order allowing such Administrative Expense Claim, or (c) such date as such entity may agree to with the Debtor, <u>provided</u> <u>however</u> that Administrative Expense Claims representing liabilities incurred in the ordinary course of business by the Debtor, as debtor-in-possession, or liabilities arising under other obligations incurred by the Debtor, as debtor-in-possession, whether or not incurred in the ordinary course of business, shall be paid by the Reorganized Debtor in accordance with the terms and subject to

the conditions of any orders or agreements governing, instruments evidencing, or other documents relating to, such transactions. Notwithstanding § 503(a) of the Bankruptcy Code, any person seeking payment of an Administrative Expense Claim under § 503 of the Bankruptcy Code that was incurred on or before the Effective Date but which has not been paid by the Debtor shall be required to file an application for the allowance of final payment of said Claim on or before sixty (60) days after the Effective Date, and any such Claim not filed by that date shall be forever barred and discharged. Objections to any such application shall be filed within thirty (30) days after the filing of the application. Notwithstanding the foregoing, Professional Persons with Administrative Expense Claims shall comply with the provisions of Article 7.7 of this Plan.

2.2    <u>Allowed Priority Claims</u>:  The holders of Allowed Priority Claims will receive Cash equal to the unpaid portion of such Allowed Priority Claim, on the later of (a) the Effective Date, (b) the first Business Day that is ten (10) days following entry of a Final Order allowing such Administrative Expense Claim, or (c) such date as such entity may agree to with the Debtor.

2.3    <u>Allowed Priority Tax Claims</u>:  Except to the extent that a holder of an Allowed Priority Tax Claim agrees to a different treatment, at the sole option of the Reorganized Debtor, each holder of an Allowed Priority Tax Claim shall receive, in full and complete settlement, satisfaction, and discharge of its Allowed Priority Tax Claim: (a) Cash in an amount equal to such Allowed Priority Tax Claim on, or as soon thereafter as is reasonably practicable, the later of the Effective Date and the first Business Day after the date that is thirty (30) calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim, or (b) equal annual Cash payments in an aggregate amount equal to such Allowed Priority Tax Claim, together with interest at a fixed annual rate, which is consistent with applicable laws or as set by

order of the Bankruptcy Court, over a period not exceeding five (5) years after the Petition Date, which shall begin on, or as soon thereafter as is reasonably practicable, the later of the Effective Date and the first Business Day after the date that is thirty (30) calendar days after the date such Priority Tax Claim becomes an Allowed Priority Tax Claim. Notwithstanding the foregoing, payment terms for Allowed Priority Tax Claims shall not be less favorable than the treatment of General Unsecured Claims. All Allowed Priority Tax Claims that are not due and payable on or before the Effective Date shall be paid in the ordinary course of business as such obligations become due.

## ARTICLE III
## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

For purposes of this Plan, Claims and Interests are classified as follows:

3.1     "Class 1 Claim" shall consist of the Secured Claim of the District of Columbia Office of Tax and Revenue, Real Property Tax Administration.

3.2     "Class 2 Claim" shall consist of the Secured Claim of WCP.

3.3     "Class 3 Claims" shall consist of the General Unsecured Claims.

3.4     "Class 4 Interests" shall consist of any Interests held in the Debtor, including, without limitation, any and all issued and outstanding membership interests in 5703 9th, LLC.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

Claims and Interests shall receive the following treatment under this Plan:

4.1     Class 1 Claim (District of Columbia Office of Tax and Revenue, Real Property Tax Administration)

A.     Impairment.  Class 1 is unimpaired by this Plan.

12

B.    <u>Treatment</u>.  In full and complete satisfaction, discharge, and release of the Class 1 Claim, the holder of the Class 1 Claim shall receive Cash equal to one hundred percent (100%) of its Allowed Secured Claim plus interest as provided by applicable law, paid pursuant to the Plan from a loan refinancing the Property or at closing on the sale of the Property.

C.    <u>Lien Retention</u>.  The holder of the Class 1 Claim shall continue to retain its lien on and security interest in, if any, the Property until closing on the sale of the Property, at which time the Allowed Class 1 Claim shall be paid in full, or when the Class 1 Claim is otherwise paid in full from the loan proceeds of the refinancing of the Property.

4.2    <u>Class 2 Claim (WCP Secured Claim)</u>

A.    <u>Impairment</u>.  Class 2 is unimpaired by this Plan.

B.    <u>Treatment</u>.  In full and complete satisfaction, discharge, and release of the Class 2 Claim, the holder of the Class 2 Claim shall receive payment of its claim in accordance with the Consent Order by and between the Debtor and the holder of the Class 2 Claim resolving the Debtor's objection to the Class 2 Claim holder's proof of claim, paid from a loan refinancing the Property or at closing on the sale of the Property.

C.    <u>Retention of Liens</u>.  The holder of the Class 2 Claim shall continue to retain its lien on and security interest in, if any, the Property until the Allowed Class 2 Claim is paid in full.

4.3    <u>Class 3 Claim (General Unsecured Claims)</u>

A.    <u>Impairment</u>.  Class 3 is unimpaired by this Plan.

B.    <u>Treatment</u>.  In full and complete satisfaction, discharge, and release of the Class 3 Claims, the holders of the Class 3 Claims shall receive cash equal to one hundred percent (100%) of their Allowed Claims, plus interest at the federal judgment rate in effect as of the

13

Petition Date from the later of the Petition Date or the date that the Claim became liquidated through the date on which the Claim is paid in full, paid pursuant to the Plan. Allowed Class 3 Claims shall be paid on the Effective Date. If a Class 3 Claim becomes an Allowed Claim after the Effective Date, such Allowed Class 3 Claim will be paid on or before ten (10) business days after the claim is Allowed.

4.3    Class 4 Interests (5703 9th Membership Interests)

A.    Impairment.  Class 4 is unimpaired by this Plan.

B.    Treatment.    The holders of the Class 4 Interests shall retain all of their ownership interest in the Reorganized Debtor. Upon the payment in full of all Allowed Class 3 Claims, any remaining Cash on hand may be distributed by the Reorganized Debtor in its sole discretion.

## ARTICLE V
## MEANS OF EXECUTION OF THE PLAN

5.1    Authority of Reorganized Debtor.  By confirmation of this Plan, the Reorganized Debtor is authorized to take all actions and execute all documents necessary to carry out its duties under this Plan. In carrying out such duties, the Reorganized Debtor shall comply with all applicable laws.

5.2    Rights, Duties, and Obligations of Reorganized Debtor.  On the Effective Date, the Reorganized Debtor alone shall have the following rights, duties, and obligations, inter alia:

(a)    to use, sell, or lease any or all of the property of the Estate;

(b)    to investigate and pursue any and all Causes of Action;

(c)    to distribute funds to holders of Allowed Claims and Allowed Interests consistent with the terms of this Plan;

(d)    to file a final report and move to close the Debtor's Chapter 11 Case; and

14

(e)      any other duties of a debtor consistent with the Bankruptcy Code, payment to holders of Claims, and to implement this Plan.

5.3      <u>Claim Objections</u>.    The Debtor and, on the Effective Date, the Reorganized Debtor shall have the right, duty, and obligation to review the Debtor's Schedules and any Claims or Interests filed in this Chapter 11 Case and to object to any such Claims or Interests if appropriate. Unless otherwise ordered by the Bankruptcy Court after notice and a hearing, the Reorganized Debtor shall have the right to make and file objections to Claims or Interests and shall serve a copy of each objection upon the holder of the Claim or Interest to which the objection is made as soon as practicable, but in no event later than one hundred eighty (180) days after the Bar Date or Government Bar Date, whichever is applicable. From and after the Confirmation Date, all objections shall be litigated to a Final Order except to the extent the Reorganized Debtor elects to withdraw any such objection or the Reorganized Debtor and the claimant elect to compromise, settle, or otherwise resolve any such objection, in which event they may settle, compromise, or otherwise resolve any Disputed Claim or Interest without the approval or order of the Bankruptcy Court.

5.4      <u>Potential Refinancing of WCP Debt</u>. The Debtor may seek to obtain a loan, secured by the Property, the proceeds of which shall be used to satisfy the Class 1 Claim and the Class 2 Claim.

5.5      <u>Sale of Assets</u>.    As an alternative to a refinance loan, the Debtor shall seek to sell the Property. The sale of the Property pursuant to this Plan in all respects shall be deemed a sale pursuant to §§ 105 and 363 of the Bankruptcy Code and an assumption and assignment of executory contracts and unexpired leases pursuant to § 365 of the Bankruptcy Code, if any, in accordance with and under the provisions of § 1123 of the Bankruptcy Code, as provided for in

this Plan, confirmed pursuant to § 1129 of the Bankruptcy Code, effectuated pursuant to § 1141 of the Bankruptcy Code, and in accordance with § 1146 of the Bankruptcy Code, to sell the Property free and clear of all liens. If a person who (i) asserts a lien with respect to the Property or (ii) is a party to an Assumed Executory Contract or Unexpired Lease does not object to this Plan, such person shall be deemed to have consented to the sale of such Property free and clear of such person's asserted lien, to the assignment of any such Assumed Executory Contract or Unexpired Lease, including the Debtor's proposed cure amount relating to the assumption and assignment of any executory contract or unexpired lease, and to have consented to the treatment provided for such person under this Plan.

5.6    <u>Vesting of Assets</u>.  In the event the Debtor is successful in obtaining a loan to refinance the Property, on the Effective Date, by virtue of the Confirmation of this Plan, the Estate Assets, including the Property, shall vest in the Reorganized Debtor, free and clear of all liens, claims, or encumbrances except as set forth in this Plan.

5.7    <u>Plan Funding</u>. The sources for funding of this Plan shall include, but shall not be limited to, the refinancing of the WCP Secured Claim and/or the sale of the Property.

5.8    <u>Transfer of Property</u>. Holders of Claims and Interest holders shall be paid in accordance with their priorities set forth in the Bankruptcy Code and the terms set forth in this Plan. Upon confirmation of this Plan, the Debtor shall be designated pursuant to § 1142(b) of the Bankruptcy Code to execute or deliver any instrument required to effect a transfer of any property dealt with by this Plan and to perform any act that is necessary for the consummation of this Plan.

### ARTICLE VI
### PROVISIONS GOVERNING DISTRIBUTIONS

6.1     <u>Distributions</u>.  Commencing on the Effective Date, the Reorganized Debtor shall make payments, in Cash, to the holders of all Allowed Claims and Interests in accordance with the terms and conditions of this Plan. The Reorganized Debtor may pre-pay, in full or in part, any payments under this Plan without penalty. The Reorganized Debtor shall act as disbursing agent for the purpose of making those distributions provided under this Plan.

6.2     <u>Distributions of Cash</u>.  At the option of the Reorganized Debtor, any Cash payment to be made by the Reorganized Debtor pursuant to this Plan may be made by check drawn on a domestic bank or by wire transfer.

6.3     <u>Delivery of Distributions and Undeliverable Distributions</u>.  Distributions to holders of Allowed Claims shall be made at the address of each such holder as set forth on the Schedules filed with the Bankruptcy Court unless superseded by the address as set forth on the proofs of Claim filed by such holders or other writing notifying the Debtor (or, after the Effective Date, the Reorganized Debtor) of a change of address. If any holder's distribution is returned as undeliverable, the holder of any such Claim or Interest shall not be entitled to any other or further distribution under this Plan on account of such Claim or Interest unless the Debtor is notified of a new address within thirty (30) days of the Debtor's receipt of such returned distribution.

6.4     <u>Withholding and Reporting Requirements</u>.  In connection with this Plan and all documents executed in connection therewith and distributed thereon, the Reorganized Debtor shall comply with all applicable withholding and reporting requirements imposed by any federal, state, or local taxing authority, and all distributions under this Plan shall be subject to any such withholding or reporting requirements.

6.5    <u>Time Bar to Cash Payments</u>.  Checks issued by the Reorganized Debtor in respect of Allowed Claims or Interests shall be null and void if not negotiated within forty-five (45) days after the date of issuance thereof. Requests for reissuance of any check shall be made to the Reorganized Debtor by the holder of the Allowed Claim or Interest to whom such check originally was issued. On the last distribution date, all distributions for which checks were not requested to be reissued shall be used to satisfy the costs of administering and fully consummating this Plan and the holder of any such Claim or Interest shall not be entitled to any other or further distribution under this Plan on account of such Claim or Interest.

6.6    <u>Setoffs</u>.  Upon approval by the Bankruptcy Court after notice and hearing, the Reorganized Debtor may, in accordance with § 553 of the Bankruptcy Code and applicable non-bankruptcy law, set off against any Allowed Claim and the distributions to be made pursuant to this Plan on account of such Claim (before any distribution is made on account of such Claim), the claims, rights, and causes of action of any nature that the Debtor or the Reorganized Debtor may hold against the holder of such Allowed Claim; <u>provided</u> <u>however</u> that neither the failure to effect such a setoff nor the allowance of any Claim hereunder shall constitute a waiver or release by the Debtor, the Debtor-in-Possession, or the Reorganized Debtor of any such claims, rights, and causes of action that the Debtor, the Debtor-in-Possession, or the Reorganized Debtor may possess against such holder; and <u>provided</u> <u>further</u>, <u>however</u>, that any claims of the Debtor arising before the Petition Date shall first be set off against Claims against the Debtor arising before the Petition Date. Unless otherwise stipulated in writing by the Debtor, or asserted pursuant to a timely filed Proof of Claim, any party against whom a claim or counterclaim is asserted by the Estate must assert or must have asserted any setoff rights, right of subrogation, or recoupment of any kind against such claim at the time it answers such claim, or such right of setoff,

18

subrogation, or recoupment will be deemed waived and forever barred. Notwithstanding the foregoing, nothing herein shall affect the setoff rights of any taxing authority.

6.7     <u>Professional Persons with Administrative Expense Claims</u>.   Notwithstanding § 503(a) of the Bankruptcy Code, each Professional Person or firm retained with approval by order of the Bankruptcy Court requesting compensation in this Chapter 11 Case pursuant to §§ 330 or 503(b) of the Bankruptcy Code for any fees for services rendered or reimbursement of expenses incurred on or before the Effective Date shall be required to file an application for the allowance of final payment of said fees and expenses on or before sixty (60) days after the Effective Date, and any such claim not filed by that date shall be forever barred and discharged. Objections to any such application shall be filed within thirty (30) days after the filing of the application. Each Secured Creditor seeking payment or reimbursement of fees for services rendered by a Professional Person in respect of this Chapter 11 Case and pursuant to § 506(b) of the Bankruptcy Code shall be required to file an application for the allowance of final payment of said fees within thirty (30) days of its receipt of notice from the Debtor that the Debtor believes such fees to be unreasonable. In the event that the Debtor determines that such Professional Person's fees, incurred by a Secured Creditor and requested in accordance with § 506(b) of the Bankruptcy Code, are not reasonable, the Debtor shall place such disputed funds into the Distribution Account upon Closing, pending the Bankruptcy Court's entry of a Final Order resolving the allowance or disallowance of such fees.

6.8     <u>Retention of Professionals after the Effective Date</u>.  From and after the occurrence of the Effective Date, the Reorganized Debtor may, without further order of the Bankruptcy Court, employ various professionals, including, but not limited to, counsel, consultants, and financial advisors as needed to assist him in fulfilling his obligations under this Plan and on

whatever fee arrangement he deems appropriate, including, without limitation, hourly fee arrangements and contingency fee arrangements. Professionals engaged by the Reorganized Debtor shall not be required to file applications for compensation in order to receive the compensation provided for herein. The Reorganized Debtor may pay any fees and expenses of its professionals incurred after the Effective Date without further order of the Bankruptcy Court.

6.9    Transactions on Business Days.  If the date on which a transaction is scheduled to occur under this Plan falls on a day that is not a Business Day, the transactions contemplated by this Plan to occur on such day may instead occur on said day or the next Business Day.

**ARTICLE VII**
**PROCEDURES FOR RESOLVING AND TREATING**
**DISPUTED CLAIMS AND INTERESTS**

7.1    No Distribution Pending Allowance.  Notwithstanding any other provision of this Plan, the Reorganized Debtor is not required to distribute Cash or other property under this Plan on account of any Disputed Claim or Interest, unless and until such Claim or Interest becomes an Allowed Claim or Interest.

7.2    Resolution of Disputed Claims or Interests.  After the Confirmation Date, unless otherwise ordered by the Bankruptcy Court after notice and a hearing, the Reorganized Debtor shall have the right to make and file objections to Claims or Interests and shall serve a copy of each objection upon the holder of the Claim or Interest to which the objection is made as soon as practicable, but in no event later than one hundred eighty (180) days after the Bar Date or Government Bar Date, as applicable. From and after the Confirmation Date, all objections shall be litigated to a Final Order except to the extent the Reorganized Debtor elects to withdraw any such objection or the Reorganized Debtor and the claimant elect to compromise, settle, or

otherwise resolve any such objection, in which event they may settle, compromise, or otherwise resolve any Disputed Claim or Interest without the approval or order of the Bankruptcy Court.

7.3    <u>Estimation</u>.    The Reorganized Debtor may, at any time, request that the Bankruptcy Court estimate any Disputed Claim or Interest pursuant to § 502(c) of the Bankruptcy Code regardless of whether the Reorganized Debtor or the Debtor has previously objected to such Claim or Interest, and the Bankruptcy Court shall retain jurisdiction to estimate any Claim or Interest at any time, including during litigation concerning any objection to such Claim or Interest. In the event that the Bankruptcy Court estimates any Disputed Claim or Interest, that estimated amount may constitute either the Allowed amount of such Claim or Interest or a maximum limitation on such Claim or Interest, as determined by the Bankruptcy Court. If the estimated amount constitutes a maximum limitation on such Claims or Interest, the Reorganized Debtor may elect to pursue any supplemental proceedings to object to any ultimate payment of such Claim or Interest. All of the aforementioned Claims or Interests objection, estimation, and resolution procedures are cumulative and not necessarily exclusive of one another. On and after the Confirmation Date, Claims or Interests which have been estimated subsequently may be compromised, settled, withdrawn, or otherwise resolved without the approval or order of the Bankruptcy Court.

7.4    <u>Allowance of Disputed Claims</u>.  If, on or after the Effective Date, any Disputed Claim becomes an Allowed Claim, the Reorganized Debtor shall, on or before the last Business Day of the first month following the month in which the Claim becomes an Allowed Claim, distribute to the holder of such Allowed Claim the amount of Cash that such holder would have been entitled to receive under this Plan if such Claim had been an Allowed Claim on the Effective Date.

**ARTICLE VIII**
**TREATMENT OF EXECUTORY**
**CONTRACTS AND UNEXPIRED LEASES**

8.1     <u>Executory Contracts and Unexpired Leases</u>.  On the Effective Date, all executory

contracts and unexpired leases that exist between the Reorganized Debtor and any person shall

be deemed rejected as of the Effective Date, except for any executory contract or unexpired lease

that (i) is the subject of motions to assume or reject pending on the Confirmation Date; (ii) was

assumed or rejected before the Confirmation Date; (iii) is listed on the Schedule of Assumed

Executory Contracts and Unexpired Leases (or such list of executory contracts and unexpired

leases to be assumed and assigned to a purchaser pursuant to a sale of the Property);

or (iv) becomes the subject of a dispute over the amount or manner of cure.

8.2     <u>Approval of Assumption or Rejection</u>.  Entry of the Confirmation Order as of the

Effective Date shall constitute: (i) the approval, pursuant to § 365(a) of the Bankruptcy Code, of

the assumption by the Reorganized Debtor of the executory contracts and unexpired leases listed

on the Schedule of Assumed Executory Contracts and Unexpired Leases and (ii) the approval,

pursuant to § 365(a) of the Bankruptcy Code, of the rejection of the executory contracts and

unexpired leases rejected pursuant to this Plan or otherwise during the Chapter 11 Case.

Notwithstanding anything contained herein to the contrary, up to the Confirmation Date, the

Debtor shall have the right to add to or delete from the Schedule of Assumed Executory

Contracts and Unexpired Leases any executory contract or unexpired lease. The Schedule of

Assumed Executory Contracts and Unexpired Leases will be filed at a later date.

8.3     <u>Cure of Defaults</u>. The Reorganized Debtor shall cure any defaults respecting each

executory contract or unexpired lease assumed pursuant to Article 8.2 of this Plan upon the latest

of: (i) the Effective Date or as soon thereafter as practicable; (ii) such dates as may be fixed by

the Bankruptcy Court or agreed upon by the parties or as soon thereafter as practicable; or (iii) the tenth (10th) Business Day after the entry of a Final Order resolving any dispute regarding (a) a cure amount; (b) the ability of the Reorganized Debtor to provide "adequate assurance of future performance" under the executory contract or unexpired lease assumed pursuant to this Plan in accordance with § 365(b)(l) of the Bankruptcy Code; or (c) any matter pertaining to assumption or the cure of a particular executory contract or an unexpired lease. The Schedule of Assumed Executory Contracts and Unexpired Leases sets forth the Debtor's proposed cure amounts for each of the Assumed Executory Contracts and Unexpired Leases.

8.4    <u>Objection to Proposed Cure Amount</u>.    Non-Debtor parties to the Assumed Executory Contracts and Unexpired Leases listed on the Schedule of Assumed Executory Contracts and Unexpired Leases that disagree with the Debtor's proposed cure amount set forth thereon shall file an objection to this Plan by the Plan Objection Deadline. If a non-Debtor party to an Assumed Executory Contract or Unexpired Lease fails to file an objection to this Plan by the Plan Objection Deadline, such non-Debtor party shall be deemed to consent to the Debtor's assumption and to the Debtor's proposed cure amount and shall be forever barred from objecting thereto.

8.5    <u>Bar Date</u>.    All proofs of Claim with respect to a Rejection Claim shall be filed with the Bankruptcy Court no later than thirty (30) days after the entry of the Confirmation Order. Any Rejection Claim not filed within such time shall be forever barred.

**ARTICLE IX**
**<u>EFFECTIVENESS OF THE PLAN</u>**

9.1    <u>Conditions Precedent to the Effective Date</u>.    The following are conditions precedent to the Effective Date of this Plan:

(a)      The Bankruptcy Court shall have entered an order confirming this Plan in form and substance satisfactory to the Debtor; and

(b)      All documents, instruments, and agreements, in form and substance satisfactory to the Debtor, provided for under or necessary to implement this Plan, shall have been executed and delivered by the parties thereto, unless such execution or delivery has been waived by the parties benefited thereby.

10.2    Within fourteen (14) days after the occurrence of the Effective Date, the Reorganized Debtor shall file a pleading entitled "Certification of Occurrence of Effective Date" with the Court in which it shall state the date upon which the Effective Date occurred. The Debtor or the Reorganized Debtor, in their sole discretion, may waive any and all conditions precedent to the Effective Date occurring other than the effectiveness of the order confirming this Plan.

**ARTICLE X**
**EFFECT OF CONFIRMATION**

10.1    <u>Release of Assets</u>.  Until the Effective Date, the Bankruptcy Court shall retain jurisdiction of the Debtor and the Estate Assets. Thereafter, jurisdiction of the Bankruptcy Court shall be limited to the subject matters set forth in Article XI of this Plan, and the Reorganized Debtor shall perform its affairs as provided in this Plan.

10.2    <u>Binding Effect</u>.  Except as otherwise provided in § 1141(d)(3) of the Bankruptcy Code, on and after the Confirmation Date, the provisions of this Plan shall bind any holder of a Claim against, or Interest in, the Debtor and its respective successors and assigns, whether or not the Claim or Interest of such holder is impaired under this Plan and whether or not such holder has accepted this Plan.

10.3   <u>Term of Injunctions or Stays</u>.  Unless otherwise provided, all injunctions or stays provided for in the Chapter 11 Case pursuant to § 105 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until all obligations of the Reorganized Debtor under this Plan have been performed and the Chapter 11 Case has been closed.

10.4   <u>Discharge</u>.  Except as otherwise provided in this Plan or the Confirmation Order, and provided that the Debtor continues to engage in business after consummation of this Plan, effective on the Effective Date, this Plan shall discharge and terminate all liability for any debt of or Claim against the Debtor that arose before the Effective Date, and any debt or claim of a kind specified in §§ 502(g), 502(h), or 502(I) of the Bankruptcy Code, whether or not:

(a)   a proof of Claim based on such debt or Claim was filed, or deemed filed, under § 501 of the Bankruptcy Code;

(b)   such Claims are Allowed or Disallowed under § 502 of the Bankruptcy Code;

(c)   such Claim was properly scheduled, if such claim holder had notice of this Chapter 11 Case before the Effective Date; or

(d)   the holder of such Claim has accepted or rejected this Plan.

10.5   <u>Release and Injunction</u>.  On the Effective Date, the Debtor, in its individual capacity and as a debtor-in-possession, for and on behalf of itself, the Estate, and the Reorganized Debtor, hereby releases and discharges, absolutely, unconditionally, irrevocably, and forever the following (collectively, the "<u>Released Claims</u>"): (a) any and all Causes of Action that the Debtor has against any current or former officer, director, member, attorney, or agent of the Debtor (each a "<u>Representative</u>"), solely in their capacity as such, from any Claim or Cause

25

of Action  (i) arising from the beginning of time through the Confirmation Date related to acts or omissions to act (including, but not limited to, any Claims or Causes of Action arising out of any alleged fiduciary or other duty) or (ii) which might at any time after the Confirmation Date arise out of or relate, directly or indirectly, to any pre-Confirmation Date acts or omissions and (b) any and all Causes of Action that the Debtor has against any Representative arising from or related to such Representative's acts or omissions to act in the Chapter 11 Case, except that Representatives shall not be released from any liability relating to acts or omissions to act of gross negligence or willful misconduct. To the fullest extent permitted by applicable law, each holder of a Claim (whether or not Allowed) against or Interest in the Debtor, the Estate, or the Reorganized Debtor shall be enjoined from commencing or continuing any action regarding the Released Claims, including the employment of process or any act to collect, offset, or recover such Released Claims, and shall be deemed to release any derivative actions regarding any of the Released Claims. Nothing in this Article 10.5 impacts, limits, or otherwise restricts any rights that any entity has to pursue any Causes of Action not constituting or derivative of Released Claims.

## ARTICLE XI
## RETENTION OF JURISDICTION

11.1    <u>Jurisdiction of Bankruptcy Court</u>.  The Bankruptcy Court shall retain exclusive jurisdiction of all matters arising under, arising out of, or related to the Chapter 11 Case and this Plan pursuant to, and for the purposes of, §§ 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a)    To hear and determine any motions for the assumption or rejection of executory contracts or unexpired leases and the allowance of any rejection Claims resulting therefrom;

(b)      To determine any and all pending adversary proceedings, applications, and contested matters;

(c)      To determine any and all of the Avoidance Actions;

(d)      To hear and determine any objection to any Claims or Interests;

(e)      To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated;

(f)      To issue such orders in aid of execution of this Plan to the extent authorized by § 1142 of the Bankruptcy Code;

(g)      To consider any modifications of this Plan, to cure any defect or omission, or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(h)      To hear and determine all applications for compensation and reimbursement of expenses of professionals under §§ 330, 331, and 503(b) of the Bankruptcy Code;

(i)      To issue injunctions, enter and implement other orders, and take such other actions as may be necessary or appropriate to restrain interference by any person with the consummation, implementation, or enforcement of this Plan, the Confirmation Order, or any other order of the Bankruptcy Court;

(j)      To hear and determine disputes arising in connection with the interpretation, implementation, or enforcement of this Plan, the Confirmation Order, any transactions or payments contemplated hereby, or any agreement, instrument, or other document governing or relating to any of the foregoing;

27

(k)     To take any action and issue such orders as may be necessary to construe, enforce, implement, execute, and consummate this Plan, including any release or injunction provisions set forth herein, or to maintain the integrity of this Plan following consummation;

(l)     To recover all assets of the Debtor and property of the Estate, wherever located;

(m)     To hear and determine matters concerning state, local, and federal taxes in accordance with §§ 346, 505, and 1146 of the Bankruptcy Code (including any requests for expedited determinations under § 505(b) of the Bankruptcy Code filed, or to be filed, with respect to tax returns for any and all taxable periods ending after the Petition Date through, and including, the last distribution date);

(n)     To hear and determine any other matters related hereto and not inconsistent with the Bankruptcy Code, title 28 of the United States Code, and other applicable law;

(o)     To enter a final decree closing the Chapter 11 Case; and

(p)     To determine such other matters and for such other purposes as may be provided in the Confirmation Order.

### ARTICLE XII
### ACCEPTANCE OR REJECTION OF THE PLAN

12.1   <u>Voting of Claims</u>.  There are no impaired classes under the terms of the Plan and, as a result, each class of creditors is deemed to have accepted the Plan. *See* 11 U.S.C. 1129(a)(8).

## ARTICLE XIII
## MISCELLANEOUS PROVISIONS

13.1    <u>Effectuating Documents and Further Transactions</u>.  The Reorganized Debtor shall be authorized to execute, deliver, file, or record such contracts, instruments, releases, and other agreements or documents and take such actions on behalf of the Reorganized Debtor as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

13.2    <u>Payment of U.S. Trustee Fees</u>.  All outstanding U.S. Trustee Fees, as determined by the Bankruptcy Court on the Confirmation Date, shall be paid on or before the Effective Date. Any U.S. Trustee Fees accruing after the Confirmation Date shall be paid by the Reorganized Debtor.

13.3    <u>Exemption from Transfer Taxes.</u>  Pursuant to § 1146(a) of the Bankruptcy Code: (i) the issuance, distribution, transfer, or exchange of Interests or other Estate property; (ii) the creation, modification, consolidation, or recording of any deed of trust or other security interest, and the securing of additional indebtedness by such means or by other means in furtherance of or in connection with this Plan, the Confirmation Order, and any related documents; (iii) the making, assignment, modification, or recording of any lease or sublease; (iv) the sale or transfer of assets, including, without limitation, the Property, and (v) the making, delivery, or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with this Plan, the Confirmation Order, any related documents, or any transaction contemplated above, or any transactions arising out of, contemplated by, or in any way related to the foregoing, including, without limitation, the Property shall be deemed exempt from all taxes arising from such sale or transfer which would otherwise be imposed at the time of transfer or sale, which are determined by consideration for or value of the property being transferred or as a percentage thereof, including taxes imposed by the District of Columbia or other applicable law, and shall not be

29

subject to any document recording tax, stamp tax, conveyance fee, intangibles, or similar tax, mortgage tax, stamp act, or real estate transfer tax, mortgage recording tax, or other similar tax or governmental assessment. The appropriate state or local government officials or agents shall be, and hereby are, directed to forego the collection of any such tax or assessment, whether imposed upon the Debtor, Reorganized Debtor, or a buyer of the Property, and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment. Any subsequent transfer of the Property made by the Reorganized Debtor within two (2) years after the Effective Date shall be deemed a transfer by the Debtor for the purposes of this Article of this Plan and shall enjoy the same exemption from taxation as otherwise provided by § 1146(a) of the Bankruptcy Code.

13.4   <u>Modification of Plan</u>.   The Debtor reserves the right, in accordance with the Bankruptcy Code and the Bankruptcy Rules, to amend or modify this Plan at any time prior to the entry of the Confirmation Order. After the entry of the Confirmation Order, the Debtor (and, after the Effective Date, the Reorganized Debtor) may, upon order of the Bankruptcy Court, amend or modify this Plan, in accordance with § 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in this Plan in such manner as may be necessary to carry out the purpose and intent of this Plan. A holder of an Allowed Claim or Interest that is deemed to have accepted this Plan shall be deemed to have accepted this Plan as modified if the proposed modification does not materially and adversely change the treatment of the Claim or Interest of such holder.

13.5   <u>Withdrawal or Revocation</u>.   The Debtor may withdraw or revoke this Plan at any time prior to the Confirmation Date. If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date does not occur, then this Plan shall be deemed

null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claim by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any other person in any further proceedings involving the Debtor.

13.6    <u>Injunction Against Interference with Plan</u>.  Upon the entry of the Confirmation Order, all holders of Claims and Interests and other parties-in-interest, along with their respective present or former affiliates, employees, agents, professionals, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of this Plan.

13.7    <u>Courts of Competent Jurisdiction</u>.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising out of this Plan, such abstention, refusal, or failure of jurisdiction shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter.

13.8    <u>Notices</u>.  Any notices to or requests of the Reorganized Debtor by parties-in-interest under or in connection with this Plan shall be in writing and served either by (i) certified mail, return receipt requested, postage pre-paid, (ii) hand delivery, or (iii) reputable overnight delivery service, all charges prepaid, and shall be deemed to have been given when received by the following parties:

<u>The Reorganized Debtor</u>:

William Lansing
1101 Connecticut Ave NW, Suite 450
Washington, DC 20036
With a copy to:

31

Brent C. Strickland, Esq.
Whiteford, Taylor & Preston, LLP
111 Rockville Pike, Suite 800
Rockville, Maryland 20850

The U.S. Trustee:

Office of the United States Trustee
115 South Union Street, Plaza Level, Suite 210
Alexandria, VA  22314

13.9   Severability.   In the event that the Bankruptcy Court determines, prior to the Confirmation Date, that any provision of this Plan is invalid, void, or unenforceable, the Bankruptcy Court shall, with the consent of the Debtor, have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void, or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration, or interpretation, the remainder of the terms and provisions of this Plan shall remain in full force and effect and shall in no way be affected, impaired, or invalidated by such holding, alteration, or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of this Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

13.10   Governing Law.  Except to the extent the Bankruptcy Code or Bankruptcy Rules are applicable, the rights and obligations arising under this Plan shall be governed by, and construed and enforced in accordance with, the laws of the District of Columbia, without giving effect to the principles of conflicts of law thereof.

13.11   Other Documents.   On or before ten (10) calendar days preceding the commencement of the hearing on the Confirmation of this Plan, unless the Bankruptcy Court

32

orders otherwise, the Debtor and/or any party-in-interest shall file with the Bankruptcy Court such agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of this Plan.

13.12   <u>Withdrawal by Proponent.</u>   The Debtor reserves the right to withdraw the Plan at any time prior to the entry of the Confirmation Order.

13.13   <u>Exculpation</u>.   None of the Debtor, the Reorganized Debtor, or any of their respective members, officers, directors, employees, attorneys, agents, or Representatives shall have or incur any liability to any holder of a Claim or Interest for any act or omission in connection with, related to, or arising out of the pursuit of confirmation of this Plan, the consummation of this Plan, or the administration of this Plan or the property to be distributed under this Plan, except for willful misconduct or gross negligence, and, in all respects, the Debtor, the Reorganized Debtor, and each of their respective members, officers, directors, employees, advisors, professionals, and agents shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under this Plan.

13.14   <u>Headings</u>.   Headings are used in this Plan for convenience and reference only and shall not constitute a part of this Plan for any other purpose.

[Signatures on Following Page]

33

Dated:  January 22, 2024

Respectfully Submitted by,

5703 9th, LLC
Debtor and Debtor-in-Possession

By 5703 Manager, LLC, Manager


By:  */s/ William Lansing*
Name:  William Lansing


*/s/ Brent C. Strickland*
WHITEFORD, TAYLOR & PRESTON L.L.P.
Brent C. Strickland, Bar No. 452880
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Fax: (410) 223-4302
Email:  bstrickland@whitefordlaw.com

34