**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| 5703 9TH, LLC, | ) Case No. 23-00131-ELG |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |

|  |  |
|---|---|

In re:                                              )   Chapter 11
                                                    )
        5703 9TH, LLC,                              )   Case No. 23-00131-ELG
                                                    )
                Debtor.                             )
                                                    )
                                                    )
                                                    )

---

**MOTION FOR ENTRY OF ORDER COMBINING HEARING**
**ON APPROVAL OF DISCLOSURE STATEMENT WITH**
**HEARING ON CONFIRMATION OF PLAN**

5703 9th, LLC (the "Debtor") files this Motion for Entry of Order Combining Hearing on Approval of Disclosure Statement with Hearing on Confirmation of Plan (the "Motion"), pursuant to 11 U.S.C. §105(d)(2)(b)(vi), and, in support thereof, states:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

2.      The relief sought in this Application is based upon Section 105(d)(2)(b)(vi) of 11 U.S.C. § 101, et seq. (the "Bankruptcy Code").

**FACTUAL BACKGROUND**

3.      On May 16, 2023, the Debtor filed a voluntary petition for relief herein, commencing this Chapter 11 case.

Brent C. Strickland (Bar No. 452880)
Whiteford, Taylor & Preston L.L.P.
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

4.      The Debtor is a limited liability company formed under the laws of the District of Columbia on October 27, 2021. The original members of the Debtor were siblings Natalie Denise Bell, Reginald Sanford Bell, and Nicola Regina Bell (collectively, the "Bell Family").

5.      The Bell Family inherited the single-family residential property located at 5703 9th Street, NW, Washington D.C (the "Property") when their parents passed away.

6.      The Bell Family determined that the value of the Property could be maximized if the Property could be remodeled into a two-unit residential condominium property (the "Project").

7.      In order to proceed with the renovation, the Bell Family entered into a Developer Services Agreement with 5703 9th Manager, LLC (the "Developer"), whereby Developer would assume all of the administrative and management tasks necessary for the completion of the Project.

8.      In order to finance the project, the Debtor entered into a loan transaction with WCP Fund I, LLC as servicer for U.S. Bank National Association ("WCP").

9.      The Debtor was required to commence this Chapter 11 case in order to stop a foreclosure sale of the Property by WCP. The Debtor and WCP have reached an agreement on the claim to be allowed and paid to WCP.

10.     The Debtor has filed a Disclosure Statement (Dkt. 70) and a Chapter 11 plan (Dkt. 69) in this case.

11.     The Debtor has subsequently filed an Amended Disclosure Statement (Dkt. 79) and an Amended Chapter 11 plan (Dkt. 78).

## LEGAL STANDARD FOR COMBINED HEARING

12.     Section 105(d)(2)(B)(vi) authorizes the Court to combine the hearing on approval of a disclosure statement with confirmation of a plan. In this case, Debtor submits that such relief is appropriate and in the best interests of creditors to maximize the value of Debtor's assets for the benefit of creditors.

13.     The Plan calls for the sale or refinance of the subject real estate. Conducting a combined hearing will expedite the sale process and distributions to creditors and will eliminate the additional expense to Debtor's estate of conducting separate hearings. In addition, it is unlikely that any party-in-interest will conclude that any adequate information is lacking in the Disclosure Statement. However, even if a party-in-interest does have an issue with the adequacy of disclosure, such party will be permitted an opportunity to raise same at a combined hearing on the Plan and Disclosure Statement. The rights of all parties are protected at the same time that the plan process is expedited and administrative expenses are kept to a minimum. As such, Debtor respectfully submits that a combined hearing is appropriate in this case.

WHEREFORE, Debtor respectfully requests that the Court: (i) direct that the Clerk issue an Order combining the hearing on the Disclosure Statement with the hearing on confirmation of the Plan; (ii) enter the attached proposed Order; and (iii) grant Debtor such other and further relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Brent C. Strickland*
WHITEFORD, TAYLOR & PRESTON L.L.P.
Brent C. Strickland, Bar No. 452880
111 Rockville Pike, Suite 800
Rockville, Maryland 20850
Phone:  410.347.9402
Email:  bstrickland@wtplaw.com
*Counsel for Debtor and Debtor-in-Possession*

3

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 22nd day of January, 2024, I caused this *Motion for Entry of Order Combining Hearing on Approval of Disclosure Statement with Hearing on Confirmation of Plan* to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users in this matter.

*/s/ Brent C. Strickland*
Brent C. Strickland, Esq.