# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re:<br><br>    5703 9TH, LLC,<br><br>        Debtor. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 23-00131-ELG <br> ) <br> ) <br> ) |

## DECLARATION OF WILL LANSING IN SUPPORT OF CONFIRMATION OF DEBTOR'S AMENDED PLAN OF REORGANIZATION

I, Will Lansing, hereby declare as follows:

### Declarant

1. I am the Managing Member of 5703 9th, Manager LLC (the "Manager"), which is the manager of 5703 9th, LLC (the "Debtor"), the above-captioned debtor and debtor-in-possession. Manager was appointed as the responsible person to act for the Debtor in this bankruptcy case pursuant to that certain *Resolution of Action of 5703 9th, LLC,* executed by the members of the Debtor on May 11, 2023.

2. On May 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Columbia (the "Bankruptcy Court").

3. The Debtor is continuing in possession of its property and the management of its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4. I submit this declaration (the "Declaration") pursuant to 28 U.S.C. § 1746 in support of the Debtor's Amended Plan of Reorganization (the "Plan"), and to assist the

1

Bankruptcy Court and other parties-in-interest in understanding the Plan and the distributions to be made to creditors thereunder.

5. I have been involved in the drafting of the Plan in its various iterations that have been filed with the Bankruptcy Court.

6. I have been involved with the operation of the Debtor during this bankruptcy, I am familiar with the Debtor's finances and I have helped prepare monthly operating reports.

7. I am familiar with the assets of the Debtor and the value of those assets.

8. Except as otherwise indicated, all statements set forth in this Declaration are based upon my personal knowledge, information supplied to me by other members of the Debtor and/or the Debtor's counsel, my review of relevant documents, and/or my opinion based upon my experience and knowledge of the Debtor's operations and financial affairs.

9. If called upon to testify, I would testify consistent with the facts set forth in this Declaration. I am authorized by the Debtor to submit this Declaration.

**The Debtor's Business and Historical Background**

10. The Debtor is a limited liability company formed under the laws of the District of Columbia on October 27, 2021. The original members of the Debtor were siblings Natalie Denise Bell, Reginald Sanford Bell, and Nicola Regina Bell (collectively, the "Bell Family").

11. The Bell Family inherited the single-family residential property located at 5703 9th Street, NW, Washington D.C. (the "Property") when their parents passed away.

12. The Bell Family determined that the value of the Property could be maximized if the Property could be remodeled into a two-unit residential condominium property (the "Project").

13. In order to proceed with the renovation, the Bell Family entered into a Developer Services Agreement with Manager, whereby Manager would assume all of the administrative and management tasks necessary for the completion of the Project.

14. In order to finance the project, the Debtor entered into a loan transaction with WCP Fund I, LLC as servicer for U.S. Bank National Association ("WCP") pursuant to a certain note executed by the Debtor (the "Note"). WCP has a security interest in the Property pursuant to various loan documents (collectively, the "WCP Loan Documents") to secure the Note.

15. The Debtor expects to refinance the Property and use the loan proceeds to satisfy the WCP Secured Claim. If the Debtor is unable to refinance the Property within ninety (90) days from the Confirmation Date, the Debtor shall seek to sell the Property and use the sale proceeds to fund the Plan.

## Circumstances Leading to Chapter 11

16. After the WCP loan closing, the Developer proceeded with the demolition phase of the Project and undertook to obtain all necessary permits from the District of Columbia. The permits were required for the construction phase of the Project after the demolition phase was completed.

17. The permitting process in the District of Columbia was extremely slow, rendering it impossible for the Manager to complete the Project by the loan maturity date of January 19, 2023. WCP refused to extend the maturity date of the loan, issued a Notice of Default, and scheduled the Property for foreclosure, necessitating the filing of the Bankruptcy Case.

## Plan and Disclosure Statement

18. On January 22, 2024, the Debtor filed the Plan [Docket No. 78] and the Amended Disclosure Statement related thereto [Docket No. 79].

19. On February 20, 2024, the Court entered an Order Combining Hearing on Approval of Disclosure Statement with Hearing on Confirmation of Plan [Docket No. 87] (the "Solicitation Order"), scheduling a hearing on approval of the Disclosure Statement and the Plan for March 27, 2024, authorizing the distribution of the Disclosure Statement and the solicitation of Plan for votes, and establishing March 21, 2023 as the last day for filing objections to and voting on the Plan, among other things.

20. On February 24, 2024, the Debtor served copies of the Plan, the Disclosure Statement, the Solicitation Order, and a Ballot for Accepting or Rejecting Plan of Reorganization to all parties entitled to receive the documents. *See* Certificate of Service [Docket No. 92].

21. Since the solicitation of the Plan, no objections to the adequacy of the Disclosure Statement or to confirmation of the Plan have been filed.

22. On March 22, 2023, the Debtor its ballot tally [Docket No 98]. As set forth in the tally, there are four classes of creditors, none of which are impaired as the Plan provides for the payment in full of all claims and a return of equity to interest holders upon the sale of the Property. Even though no classes were impaired, the Debtor did solicit votes, with three out of four classes voting to accept the Plan. The property tax claim of the District of Columbia is the only class that did not vote.

**Plan Requirements**

**Section 1129(a)(1)**

23. The Debtor believes that the Plan complies with the applicable provisions of the Bankruptcy Code.

24. The Debtor believes that the classification of claims under the Plan is proper because claims within each class are substantially similar to one another.

4

**Section 1122**

25.     The Plan divides Claims and Interests into four classes primarily based upon differences in legal nature and/or priority of such claims and interests.

**Section 1123**

26.     The Plan, in Article III, designates classes of claims other than claims of a kind specified in sections 507(a)(1) (administrative expense claims) or 507(a)(8) (tax claims) of the Bankruptcy Code and classes of interests.

27.     Article IV of the Plan identifies unimpaired Classes and sets forth the treatment accorded to all Classes of Claims or Interests.

28.     No holder of a Claim or Interest in any Class established in the Plan will receive treatment more or less favorable than the other Claims or Interests in that Class, unless otherwise agreed.

29.     Article IV of the Plan provides detailed means for the Plan's implementation.

30.     The Debtor is a limited liability company and will not be issuing any voting securities through the Plan.

31.     The Plan contains only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director, or trustee.

**Section 1129(a)(2)**

32.     On February 24, 2024, the Debtor distributed the Plan, the Disclosure Statement, the Solicitation Order and a ballot for voting in favor of or against the Plan to creditors, interest-holders, and other parties in interest and solicited votes with respect to the Plan in accordance with the Solicitation Order.

**Section 1129(a)(3)**

33. The Plan was proposed with honesty and good intentions, with a solid basis for believing that the Plan is in the best interests of creditors.

34. The Plan is a result of arms-length negotiations with WCP.

35. The Plan will fairly achieve a result consistent with the objectives of the Bankruptcy Code.

**Section 1129(a)(4)**

36. The Plan requires Court approval for all interim and final applications of fees and disbursements incurred by professionals in this case, and that all other payments under the Plan can only occur after confirmation.

**Section 1129(a)(5)**

37. Because the Property is being sold and the Debtor is winding up its affairs, the provisions regarding officers or directors post confirmation are not applicable. The Debtor is not subject to governmental oversight with respect to what it charges its customers.

**Section 1129(a)(7)**

38. There are no impaired classes of claims or interests under the Plan.

**Section 1129(a)(8)**.

39. There are no impaired classes of claims or interests under the Plan . As set forth in the tally, three of the four classes voted to accept the Plan.

**Section 1129(a)(9)**

40. Article II of the Plan provides for the treatment of Administrative Expense Claims, Priority Claims and Priority Tax Claims.

**Section 1129(a)(11)**

41.     There is not a likely need for a further financial reorganization as the Debtor is being liquidated.

**Section 1129(a)(12)**

42.     The Plan provides for the payment all fees payable to the Clerk or to the United States Trustee.

**Section 1129(a)(13)**

43.     The Debtor does not provide for the payment of any retiree benefits.

**Section 1129(a)(14)**

44.     The Debtor is not required by judicial or administrative order or by statute to pay a domestic support obligation.

**Section 1129(a)(16)**

45.     The are no transfers of property under the Plan and section 1129(a)(16) is not otherwise applicable.

## Conclusion

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

/s/ Will Lansing
Will Lansing