**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>5703 9TH, LLC,<br><br>Debtor. | ) <br>) Chapter 11<br>)<br>) Case No. 23-00131-ELG<br>)<br>)<br>)<br>)<br>) |

**SECOND AND FINAL APPLICATION OF WHITEFORD, TAYLOR &
PRESTON L.L.P. FOR ALLOWANCE OF COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES</u>**

Whiteford, Taylor & Preston L.L.P. ("<u>Whiteford</u>"), counsel to 5703 9th, LLC, the above-captioned debtor and debtor-in-possession (the "<u>Debtor</u>"), files this *Second and Final Application of Whiteford, Taylor & Preston L.L.P. for Allowance of Compensation and Reimbursement of Expenses* (the "<u>Application</u>") for the period of October 1, 2023 through April 30, 2024 (the "<u>Application Period</u>"), pursuant to sections 327, 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Columbia (the "<u>Local Rules</u>"). Whiteford seeks allowance of fees in the amount of $81,420.67 and the reimbursement of expenses in the amount of $509.46. Notwithstanding the foregoing amounts, Whiteford and the Debtor have agreed that payment to Whiteford for the Application Period will be limited to $15,000.

Brent C. Strickland (Bar No. 452880)
8830 Stanford Boulevard
Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

## Summary of Application

**Total Compensation Requested**:[1]  $81,420.67
**Total Expenses Requested:** $509.46
**Amounts Previously Requested:** $37,105.20
**Amounts Previously Awarded:** $37,105.20
**Summary by Attorney:**

| Attorney | Rate Charged | Bar Year | Total Hours Billed | Total Amount Billed |
|---|---|---|---|---|
| Brent C. Strickland | $641.75 | 1993 | 100.8 | $64,688.40 |
| Stephen B. Gerald | $573.78 | 2000 | 29.1 | $16,696.99 |
| Kathleen McCruden | 352.75 | n/a | .1 | $35.28 |
| **Totals:** | | | **61.8** | **$81,420.67** |

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 1334 and 157. Venue in this Court is proper pursuant to 28 U.S.C. § 1409. This Application is a core proceeding within the meaning of 28 U.S.C. § 157.

## The Debtor and the Chapter 11 Case

2. On May 16, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief herein, commencing this Chapter 11 case.

3. The Debtor is a limited liability company formed under the laws of the District of Columbia on October 27, 2021. The original members of the Debtor were siblings Natalie Denise Bell, Reginald Sanford Bell, and Nicola Regina Bell (collectively, the "Bell Family").

4. The Bell Family inherited the single-family residential property located at 5703 9th Street, NW, Washington D.C (the "Property") when their parents passed away.

---

[1] In a typical case, Whiteford would make billing discretion discounts. In this case Whiteford has not undertaken that exercise given the great disparity between the gross fees incurred and the capped payment of $15,000 for the Application Period.

5.  The Bell Family determined that the value of the Property could be maximized if the Property could be remodeled into a two-unit residential condominium property (the "Project").

6.  In order to proceed with the renovation, the Bell Family entered into a Developer Services Agreement with 5703 9th Manager, LLC (the "Developer"), whereby Developer would assume all of the administrative and management tasks necessary for the completion of the Project.

7.  In order to finance the project, the Debtor entered into a loan transaction with WCP Fund I, LLC as servicer for U.S. Bank National Association ("WCP").

8.  After the loan closing, the Developer proceeded with the demolition phase of the Project and undertook to obtain all necessary permits from the District of Columbia. The permits were required for the construction phase of the Project after the demolition phase was completed.

9.  The permitting process in the District of Columbia was extremely slow, rendering it impossible for the Developer to complete the Project by the loan maturity date of January 19, 2023. WCP refused to extend the maturity date of the loan, issued a Notice of Default, and scheduled the Property for foreclosure, necessitating the filing of this Chapter 11 case.

**Employment of Whiteford**

10. On May 23, 2023, the Debtor filed the *Debtor's Application for Authority to Employ Whiteford, Taylor & Preston L.L.P. as Attorneys for the Debtor and Debtor-in-Possession* [Docket No. 11] (the "Whiteford Application").

11. On June 5, 2023, the Court entered an order (the "Whiteford Employment Order") approving the employment of Whiteford as counsel to the Debtor. *See* Docket No. 21.

12. Whiteford's first fee application was approved by the Court on December 5, 2023 (Dkt. 62). Whiteford has only received payment of $2,500 toward this first fee application from the prepetition retainer held as of the Petition Date.

## Summary of Fee Application

13. During the Application Period, Whiteford has tracked and allocated its fees to account for time spent on various matters.

14. Whiteford's total fees requested in this Application (after reductions taken in the exercise of Whiteford's billing discretion) are $37,105.20. A chart identifying each category of services provided by Whiteford during the Application Period is set forth below:

| Matter Number | Description | Fee Amount |
|---|---|---|
| 1 | General Case Administration | $68,385.06 |
| 3 | Lift Stay Motions/Contested Matters | $12,576.61 |
| 4 | Professionals | $459 |
| | **Total:** | **$81,420.67** |

## Services Provided During the Application Period

15. Whiteford has categorized its time by project billing categories. Those project billing categories applicable to Whiteford's representation of the Debtor are set forth below. Itemized, daily time records for each project billing category are set forth on **Exhibit A** hereto.

    A. **Matter 1 – General Case Administration.**

**Description**: Services in this category during the Application Period include the review and necessary action regarding pleadings filed on the docket, communications with parties in interest in the case, and communications with the Debtor regarding case strategy and administrative matters, the filing of procedural and substantive motions, Chapter 11 plan related documents, and attending all court hearings.

4

B. **Matter 3 – Lift Stay Motions/Contested Matters.**

**Description**: Services in this category during the Application Period include filing an objection to the secured claim of WCP. To that end, Whiteford assisted the Debtor in analyzing the legal and factual issues, preparing the objection to WCP's claim, and negotiating with counsel for WCP regarding same.

C. **Matter 4 – Professionals.**

**Description:** Services in this category during the Application Period include preparing and filing Whiteford's first fee application.

## Lodestar Analysis

16. Under § 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation to estate counsel for all actual, necessary services rendered by such attorneys and paraprofessionals employed by them based on the nature, extent and value of the services rendered, the time spent on such services, and the cost of comparable services in other cases. The Court may also award reimbursement for all actual, necessary expenses incurred.

17. Courts frequently look to the "lodestar" formula in assessing attorney's fees. Under this approach, courts consider the number of hours of service reasonably devoted to a case multiplied by the attorneys' and paraprofessionals' reasonable rates. The resulting sum may be adjusted to reflect the characteristics of the particular case and the reputation of the attorneys and paraprofessionals. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

18. Bankruptcy courts often consider the specific lodestar factors set forth in *Johnson v. Georgia Highway Express, Ltd.*, 488 F.2d 714 (5th Cir. 1974), as applied to bankruptcy cases in *In re First Colonial Corporation of America*, 544 F.2d 1291, 1298-99 (5th Cir.), *cert. denied*, 431 U.S. 904 (1977). The United States Court of Appeals for the District of Columbia Circuit

adopted the Johnson test in *Evans v. Sheraton Park Hotel*, 503 F.2d 177, 187 (D.C. Cir. 1974). In *Copeland v. Marshall*, 641 F.2d 880, 881 (D.C. Cir. 1980), the United States Court of Appeals for the District of Columbia reiterated the "lodestar" approach set forth in *Johnson* when determining the reasonableness of fees, which it has endorsed for use in bankruptcy cases. *In re AOV Industries, Inc.*, 797 F.2d 1004, 1007 (D.C. Cir. 1986); *see also Stewart v. Capital City Mortgage Corp. (In re Stewart)*, 2004 Bankr. LEXIS 2185, *45-6 (Nov. 10, 2004 Bankr. D. D.C.). The following are the *Johnson* factors:

(a) the time and labor required;

(b) the novelty and difficulty of the questions;

(c) the skill required to properly perform the legal services;

(d) the preclusion of other employment by the attorney due to acceptance of the case;

(e) the customary fee;

(f) whether the fee is fixed or contingent;

(g) time limitations imposed by the client or the circumstances;

(h) the amount involved and the results obtained;

(i) the experience, reputation, and ability of the attorneys;

(j) the "undesirability" of the case;

(k) the nature and length of the professional relationship with the client; and

(l) awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

19. Whiteford submits the following lodestar and *Johnson* factor analysis in support of its request for allowance of fees and disbursements:

      **a.**    **The time and labor required.**  As the time records submitted with this Application illustrate, Whiteford has expended notable time assisting the Debtor in addressing relevant issues that have arisen during this chapter 11 case.

      **b.**    **Novelty and difficulty of the questions involved and skill applied.**  This chapter 11 case involved an analysis of how to achieve a successful reorganization and addressing the amount of WCP's claim. Whiteford performed necessary legal research and advised the Debtor with respect to each of the aforementioned, as well as other matters.

      **c.**    **The preclusion of other employment by the firm due to acceptance of this case.**  Whiteford has devoted valuable resources to its representation of the Debtor in this chapter 11 case. Whiteford was required to devote time and effort to adequately represent the Debtor. Due to the issues presented by this case, Whiteford was diverted from other matters in which it was, or might have been, involved in order to devote itself to the competent representation of the Debtor in this case.

      **d.**    **The customary fee for similar work**.  Whiteford submits that the fees sought herein are warranted and are generally less than or equal to competitive fees in the District of Columbia/Northern Virginia legal market for firms with comparable practices given the nature of these proceedings. *See Acadia Invs. v. UBS Real Estate Opportunity Fund, III, LLC (In re Acadia Invs.)*, 2014 Bankr. LEXIS 2883 (Bankr. E.D. Va. July 3, 2014); *In re Nat'l Heritage Found., Inc.*, 2013 Bankr. LEXIS 2516 (Bankr. E.D. Va. June 20, 2013); aff'd, *Behrmann v. Nat'l Heritage Found., Inc. (In re Nat'l Heritage Found., Inc.)*, 510 B.R. 526, 541 (E.D. Va. 2014).

  **e.**  **Whether the fee is fixed or contingent.**  Pursuant to the Bankruptcy Code, all fees sought by Whiteford are subject to final approval of this Court. The fees of Whiteford are based on hourly rates and not contingent on the outcome of any particular event.

  **f.**  **Time limitations imposed by the client or circumstances.**  The exigencies of the case required that Whiteford provide services on behalf of the Debtor on an expedited basis. The case was filed on short notice in order to stop the impending foreclosure from proceeding.

  **g.**  **The amounts involved and the results obtained.**  The fees requested by Whiteford are reasonable given the work required in this case, the issues that have arisen, and the results obtained.

  **h.**  **Experience, reputation and ability of attorneys**.  The principal Whiteford attorneys on this case have previously represented debtors, creditors' committees, secured creditors and unsecured creditors in all aspects of bankruptcy and commercial litigation proceedings, and debtors and creditors in numerous chapter 11 cases.

  **i.**  **The "undesirability" of the case.**  Although this case should not be considered "undesirable," it has presented challenges for Whiteford. Whiteford has met these challenges and resolved the chapter 11 case in a timely manner.

  **j.**  **The nature and length of the firm's professional relationship with the client.**  Whiteford has only represented the Debtor in connection with the preparation for, filing of, and prosecution of this chapter 11 case.

  **k.**  **Awards in similar cases**.  Whiteford submits that its request for compensation is well within the usual and customary awards granted in similar cases.

**Disbursements**

20.    Whiteford had $509.46 in reimbursable expenses during the Application Period. A summary of reimbursable expenses incurred is included within **Exhibit A**. All expenses have been billed at the actual cost to Whiteford. The chart below summarizes the total disbursements by category:

|    | **Disbursement Category** | Cost |
|----|---------------------------|------|
| 1. | Photocopies               | 398.48 |
| 2. | Postage                   | 51.28 |
| 3. | Parking-court             | 25 |
| 4. | Pacer Service             | 31.70 |
|    | **TOTAL**                 | **$509.46** |

21.    Whiteford believes that the services rendered to the Debtor and the out-of-pocket expenses incurred in connection with this case were necessary and reasonable in view of the nature of the Debtor's interests in this case and the matters in which Whiteford was involved.

**WHEREFORE**, Whiteford, Taylor & Preston L.L.P. respectfully requests that this Court enter an Order:

(a)    allowing on a final basis and awarding fees incurred during the Application Period in the amount of $37,105.20;

(b)    allowing on a final basis and awarding expenses incurred during the Application Period in the amount of $509.46

(c)    authorizing the Debtor to pay to Whiteford the amount of $15,000 as agreed by the parties;

(d)    approving all compensation to Whiteford on a final basis; and

(d)    granting such other and further relief which is just and equitable.

Dated: May 3, 2024

Respectfully submitted,

**WHITEFORD, TAYLOR & PRESTON L.L.P.**

*/s/ Brent C. Strickland*
Brent C. Strickland (Bar No. 452880)
8830 Stanford Boulevard
Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Facsimile: (410) 223-4302
Email: bstrickland@whitefordlaw.com

Stephen B. Gerald (Bar No. DE0004)
600 N. King Street, Suite 300
Wilmington, Delaware 19801
Phone: (302) 357-3282
Facsimile: (410) 223-4178
Email: sgerald@whitefordlaw.com

*Counsel to the Debtor and Debtor-in- Possession*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2024, I caused a copy of the foregoing Application to be served via the Court's Electronic Case Filing System on all parties requesting notice thereby, and by first-class mail on the following parties:

Office of the US Trustee
1725 Duke Street, Suite 650
Alexandria, VA 22314

5703 9th, LLC
c/o Will Lansing
The Valor Companies, LLC
1101 Connecticut Ave NW, Suite 450
Washington, DC 20036

                                      */s/ Brent C. Strickland*
                                      Brent C. Strickland